## Case No. 9,320.

### In re MAWSON.

[1 N. B. R. 271 (Quarto, 41); 1 Am. Law T. Rep. Bankr. 46.] [1]

District Court, S. D. New York. Feb. 5, 1868.

BANKRUPTCY—PROCEEDINGS FOR DISCHARGE—ADJOURNMENT.

Proceedings on the return day of an order to show cause why the discharge should not be granted, can be adjourned by reason of the

[1] [Reprinted from 1 N. B. R. 271 (Quarto, 41) by permission. 1 Am. Law T. Rep. Bankr. 46, contains only a partial report.]

adjournment of the examination of the bankrupt.

[Cited in Re Seabury, Case No. 12,573.]

[In the matter of George S. Mawson, a bankrupt.]

The above named bankrupt, by Mr. Nye, his counsel, requests the opinion of his honor the district judge, upon the point whether the proceedings, upon the order to show cause why the discharge should not be granted, can be, on the return day of said order, adjourned by reason of the adjournment of the examination of the bankrupt, and also upon the point whether the examination of the bankrupt can be adjourned, beyond the return day of the order to show cause why the discharge should not be granted, without an enlargement of the time for the examination of the bankrupt for cause shown; and the bankrupt states that the petition to be adjudged bankrupt was filed in this matter on the 11th day of July, 1867, the first meeting of creditors was held on the 19th day of August, 1867, and the order to show cause why the discharge should not be granted was returnable December 20th, 1867, and said return day adjourned for the purpose of the examination of the bankrupt by the counsel now applying for another adjournment of said return day, and successively adjourned to the 27th of December, 30th December, 31st December, 4th January, 9th January, and 24th January. and no examinaton was had on the said return days except the 27th December, and 9th of January; and that the counsel for the bankrupt on said 9th of January, tendered him to said opposing counsel for examination continuously until the said 24th day of January, and now again tenders him for examination, but the said counsel declines to examine said bankrupt. And in regard to the certificate, filed by said opposing counsel for the opinion of this court, said bankrupt claims that the question therein stated is not the proper subject matter for a certificate, because the act has provided another particular way for determining whether the bankrupt shall have his discharge or not.

Francis C. Nye, Counsel for Bankrupt.

By JOHN FITCH, Register:

To His Honor Judge Blatchford:

First. The register certifies, that the proceedings upon the order to show cause why the discharge should not be granted, &c., can the same as any other proceedings, be adjourned upon proper reasons shown therefor, and continued by adjournment until the order is either granted or the cause be sent to the district judge, upon the filing of the objections by the creditor as provided for by section 31 of the act [of 1867. (14 Stat. 532)]. Such adjournments are necessitated from the fact that the necessary papers are not often ready for the register to act upon. The examination of the petitioner by a creditor or assignee is the equivalent to the examination

of a witness at the circuit, and is, by the effect of the bankrupt law, in the nature of a cross-examination. The same rule should apply to the examination of the bankrupt before the register as at the circuit. The examination should proceed regularly with such adjournments as the circumstances of the case require. The register should use a proper discretion in the case before him, and not allow any unnecessary or unreasonable adjournments.

Second. The register would certify to his honor, the district judge, that the lawyers consult their own convenience as to the time of the examination of the bankrupt, and select their own hours to do it in, when they are not otherwise engaged, and in this way make their cases in bankruptcy subservient to their other cases in the state courts. This practice impedes, delays, and hinders the proper proceedings in causes, and most unnecessarily occupies the time of the register, for which he does not often receive any pay. The register certifies, that the statement as set out in the request of the attorney for the petitioner, does not fairly present this case, for the reasons, that almost all the adjournments were by consent of the parties, for their own convenience, or by the neglect of the respective attorneys to attend to their duties in this cause, owing to their other professional engagements. That the adjournments were almost all had on the examination of the petitioner by a creditor whose claim was barred by the two-third act, as was shown by the examination of the petitioner, and the discharge papers; that another creditor procured an order for the examination of the petitioner, and the adjournment on the day of the order to show cause, &c., was had to give time for the judge to pass upon the certificate of the register, as requested by the attorney for the creditor, which the court has done; the register had the power to grant it.

Third. The court having disposed of the question as certified to the court by the register, on the application of the attorney for the creditor as to his rights at this stage of the cause to set up the question of fraud, no question now arises on question 1st.

[For prior proceedings in this litigation, see Case No. 9,317.]

BLATCHFORD, District Judge. In answer to the question as certified in this case, I reply:

First. The proceedings upon the order to show cause why the discharge should not be granted, can be, on the return day of said order, adjourned, by reason of the adjournment of the examination of the bankrupt.

Second. The second question certified is not clearly stated, and I am not sure I understand it. The examination of the bankrupt can be adjourned beyond the return day of the order to show cause why the discharge

should not be granted. Such adjournment necessarily operates as an enlargement of the time for the examination of the bankrupt. The presumption is that the register will not grant such adjournment except for good cause shown. The clerk will certify this decision to the register, John Fitch, Esq.

[For subsequent proceedings in this litigation, see Cases Nos. 9,318 and 9,319.]