## In re PRICE et al.

(District Court, S. D. New York. February 2, 1899.)

**BANKRUPTCY — EXAMINATION OF BANKRUPT BEFORE SPECIFICATIONS ON DIS-CHARGE.**

Under subdivision 9 of section 7 of the bankrupt act, it is proper that an examination of the bankrupt should be had in behalf of creditors, to enable them to prepare specifications opposing his discharge; section 58 requires that all creditors shall have 10 ten days' notice of such an examination, which should therefore be open to all creditors and ordinarily be had once for all; to avoid extra expense and delay, the notice to creditors to attend in opposition to the discharge, should embrace also a notice of the examination of the bankrupt; such examination should also be at the expense of creditors, as respects any clerical or stenographic aid in taking notes.

In Bankruptcy. Examination of Bankrupt.

Herman Joseph, for bankrupts.

James J. Allen, for creditors.

BROWN, District Judge. Certain creditors of the bankrupts not having attended at the first meeting when the bankrupts were present and ready for examination, but having afterwards been admitted to prove their claim, applied to the referee to order an examination of the bankrupts in their behalf after the bankrupts had filed their application for discharge. The referee declined to order the examination until specifications in opposition to the discharge should be filed. The question has been certified to me.

I do not find anything in the bankrupt act or the rules which limits the examination of the bankrupt to any particular time or occasion. Under subdivision 9 of section 7, it would seem that such an examination may be ordered at any time during the pendency of the proceedings. It is not unreasonable I think to allow creditors to examine the bankrupt concerning the mode of conducting his business, for the purpose of ascertaining whether there has been any such offense committed, or failure to keep books, as would furnish a just ground for refusing a discharge; and therefore I think such applications should be allowed before specifications are filed, if applied for on the return day of the notice of the debtor's application for discharge, and no prior examination of that kind has been had. In re Mawson, 1 N. B. R. 271, Fed. Cas. No. 9,320; In re Seckendorf, 1 N. B. R. 626, Fed. Cas. No. 12,600; In re Vogel, 5 N. B. R. 396, Fed. Cas. No. 16,-984.

Section 58, however, requires that creditors shall have at least 10 days' notice by mail of "all examinations of the bankrupt"; so that such an examination cannot proceed until after 10 days' notice to all creditors, unless the notice of application for the bankrupt's discharge mailed to creditors contained also a notice of the bankrupt's examination. Hereafter the published and mailed notices of application for a discharge, should contain a notice of examination of the

debtor to avoid the necessity of further notice to all creditors in case such an examination is allowed. Only one such examination as respects the discharge should ordinarily be had; since the statute in requiring that all creditors shall have notice of it, presumably intends that all should be equally allowed to participate in it, once for all, and not further harass the bankrupt. In re Vogel, 5 N. B. R. 396, 397, Fed. Cas. No. 16,984.

For the present examination, if a new notice to all creditors is required through lack of previous notice, the new notices and examination must be at the expense of the applicants; for which I allow to the referee for necessary clerical aid, as a necessary expense, considering that there are 50 creditors or upwards, $7.50, which the applicants should deposit in advance, as well as pay the cost of clerical or stenographic aid in taking the testimony on the examination.