### In re WALKER.

(District Court, D. North Dakota.  September 19, 1899.)

BANKRUPTCY—EXAMINATION OF BANKRUPT—RIGHT OF CREDITOR TO REQUIRE.
 At the first meeting of creditors in a proceeding in bankruptcy, any person who is actually a creditor of the bankrupt, and whose debt is provable under the act, is entitled to examine the bankrupt, although he has not made formal proof of his claim; and the fact that his name is included in the bankrupt's list of creditors will be prima facie sufficient evidence of his having a provable debt.

In Bankruptcy.    On review of decision of referee in bankruptcy.

Cowan & McClory, for bankrupt.

E. A. Maglone, and Phelps & Phelps, for creditors.

AMIDON, District Judge.    This is a proceeding in bankruptcy. At the first meeting of creditors, W. N. Abbott, a creditor mentioned in the bankrupt's list, but who had not yet made proof of his claim, appeared specially by counsel for the purpose of examining the bankrupt under oath, in order, as was then stated, to determine whether it was worth while to prove his claim.    Counsel for the bankrupt objected to any examination by this creditor, for the reason that his claim had not been proved.    The referee sustained the objection, and at the request of counsel for the creditor now certifies the question thus raised to the court for its determination.

Subdivision (b) of section 55 of the bankruptcy act provides as follows:    "At the first meeting of creditors the judge or referee shall preside, and before proceeding with the other business may allow or disallow the claims of creditors there presented, and may publicly examine the bankrupt or cause him to be examined, at the instance of any creditor."    Section 21 of the act also provides that a court of bankruptcy may, upon application of any creditor, require the bankrupt to appear in court to be examined concerning his acts, conduct, or property.    The question raised before the referee depends upon the meaning of the term "creditor," as employed in these sections.    By section 1 of the act it is provided that, unless the same be inconsistent with the context, the word "creditor" shall be construed to include "any one who owns a demand or claim provable in bankruptcy." There is nothing in the context which requires a restricted meaning of the term as employed in the sections above quoted.    Throughout the act, whenever the word is used in a narrow sense, apt language

is employed to indicate such an intention. For example, only those whose claims have been allowed are permitted to vote for the trustee (section 56), or share in the dividends (section 65), or determine whether a composition shall be accepted (section 12b). These are some of the cases in which the context shows that the term "creditor" is used in a narrower sense than that indicated by the definition in section 1, and, when no such restriction is declared by the context, the general terms of the definition must be held to apply. Under the act of 1867, after much conflict, it was finally settled that a creditor who had not proved his claim was entitled to oppose the discharge of the bankrupt. In re Smith, Fed. Cas. No. 12,977; In re Murdock, Fed. Cas. No. 9,939. If he is entitled to oppose the discharge without proving his claim, he ought likewise to be allowed to examine the bankrupt for the purpose of establishing the grounds of his objections; and it has been expressly decided that a creditor is entitled to make such examination without first filing specifications of his objections to the discharge. In re Price, 91 Fed. 635. The general principle to be deduced from the entire act would seem to be that only those creditors whose claims have been proved and allowed can participate either in the management of the estate or in the dividends derived therefrom, but as to all other matters any person having a provable claim is entitled to be heard.

Was there sufficient evidence before the referee to show that the creditor had a provable claim against the estate? I think there was. The claim was listed by the bankrupt as a debt which he was owing, and he was required by section 7 of the act to state under oath the amount of the claim, and the consideration out of which it arose. This, of course, would not establish the claim, nor the right of the creditor to share in dividends; but as to such matters as the examination of the bankrupt, and as against him, it certainly makes out at least a prima facie case that the claim exists and is provable against the estate. The ruling of the referee was therefore erroneous, and is reversed, and he is directed to permit the creditor to examine the bankrupt, if he shall so desire.