---

### In re SAUR.

(District Court, S. D. New York. April 10, 1903.)

#### No. 4,819.

1. BANKRUPTCY—RIGHTS OF CREDITORS—INSPECTION OF BANKRUPT'S BOOKS AND ACCOUNTS.

Bankr. Act, § 47a (5), Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], requires trustees to furnish such information concerning the estates and their administration as may be requested by the parties in interest. Subdivision 10 requires them to report every two months the condition of the estates and the amounts of money on hand, etc., and section 49 (Act July 1, 1898, c. 541, 30 Stat. 558 [U. S. Comp. St. 1901, p. 3439]), declares that the accounts and papers of trustees shall be open to the inspection of officers and all parties in interest. *Held*, that a general creditor of a bankrupt, though he had instituted reclamation proceedings against the trustee, was absolutely entitled to an inspection of the bankrupt's accounts and papers in the hands of the trustee.

In Bankruptcy.

The following is the opinion of Referee Coxe:

This is an application on the part of Sussfeld, Lorsch & Co., creditors of the bankrupt, for an order compelling the trustee in bankruptcy to file with the referee, in order that the petitioners may have an opportunity to examine the same, the books and papers of the bankrupt estate, and also a certain report on the bankrupt's financial affairs made by a public accountant at the instance of the trustee. The petitioners have proved a claim against the bankrupt estate in the amount of $18,539.66. They have also begun proceedings against the trustee for the recovery of certain goods found by him in

the possession of the bankrupt, and claimed by him to form part of the general estate, upon the ground that these goods were wrongfully obtained by the bankrupt from the petitioners, which proceedings are now pending and undetermined. The trustee refuses these petitioners an inspection of the books and papers, as also of the report, upon the ground that they contain evidence which is necessary to the trustee in the defense of the general estate against the reclamation proceedings, and the communication of which to the petitioners at this time would, in the judgment of the trustee, be prejudicial to this defense. It is beyond question, and is, indeed, conceded, that but for these reclamation proceedings the petitioners, as creditors of the estate, would be entitled to the inspection they ask. And the sole question to be determined is whether, by reason of their attitude in these proceedings, their rights to full inspection and information as general creditors have been affected or diminished, and, if so, how far. Counsel have not cited, nor have I been able to find, any authority upon the question, but there would seem to be little difficulty in deciding it on principle.

There can be no doubt that the trustee in bankruptcy is a trustee for all the creditors. But his duties in such a case are primarily to the general creditors, and it is his duty to interpose all proper defenses to claims tending to diminish the general estate. If Sussfeld, Lorsch & Co. did not occupy the position of general creditors, there can be no question but that it would be the duty of the trustee to refuse them any information which would aid them in defeating his claim to this property; and it cannot be said that the mere fact of their being such general creditors changes his duties in this respect, and gives them a right to increased advantages in this claim as against the general estate. The bankruptcy act carefully provides for full and frequent reports and accountings by trustees, and for giving to all parties in interest, including creditors, all proper information. Thus, by section 47a (10) (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]) trustees are required to report every two months "the condition of the estates and the amounts of money on hand and such other details as may be required by the courts." Also by section 47a (5) (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), they are required to "furnish such information concerning the estates * * * and their administration as may be requested by the parties in interest." And section 49 (Act July 1, 1898, c. 541, 30 Stat. 558 [U. S. Comp. St. 1901, p. 3439]) provides that "the accounts and papers of trustees shall be open to the inspection of officers and all parties in interest." But these provisions, broad as they are, should not be construed to require the divulgence to a claimant against the general estate of information which might tend to its detriment or depletion. Nor is it intended that the information to be asked and given shall be entirely beyond the control of the court. It will be seen by the provision of section 47a (10), above quoted, that the details of the reports required are left to the determination of the court; and, by section 29c (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]), punishment of a trustee for refusing a party in interest the information sections 47 and 49 require him to give is provided for only in a case where the information refused has been directed to be given by the court. There is nothing before the court from which it can be determined whether the giving of the information withheld by the trustee would in reality be detrimental to the estate, and no determination is made thereon; but the trustee, acting under the advice of counsel, should be permitted the exercise of his judgment upon this question within proper limits. The petitioners here are entitled to all information respecting the bankrupt estate, except only such as, in the opinion of the trustee, would be detrimental to his defense in the reclamation proceedings. If there are any books or papers, inspection of which can be granted without this result, inspection of them should be allowed to the petitioners at the trustee's office at all reasonable times. They need not be brought to the referee's office, as this would unnecessarily embarrass the trustee. As soon as the reclamation proceedings are determined, the petitioners will be entitled to unrestricted inspection.

An order may be submitted in accordance herewith.

Steinhardt & Goldman, for petitioners.
Blumenstiel & Blumenstiel, for trustee.

HOLT, District Judge. The reasoning of the referee in this case appears, at first view, quite plausible. A trustee defending a reclamation proceeding apparently occupies quite a different relation toward the reclaiming creditor from what he does toward the body of general creditors. But I think, upon consideration, that the provisions of sections 47 and 49 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 557, 558 [U. S. Comp. St. 1901, p. 3439]) give any person interested in any bankrupt estate an absolute statutory right to the inspection of all accounts and papers of the trustee, and to be furnished with any information concerning the bankrupt estate which the trustee has. It might often happen that the bankrupt's papers would furnish the only evidence to support the reclaiming creditors'.claim. It is not the duty of a trustee to resist every reclamation proceeding. It is his duty to investigate every such claim, and to resist those that ought to be resisted, and I think that a reclaiming creditor has the same rights as any other creditor in a bankruptcy proceeding to inspect all the accounts and papers.

My conclusion is that the referee's order under review should be reversed.