### In re SULLY et al.

(Circuit Court of Appeals, Second Circuit. February 6, 1907.)

Nos. 46, 47, 48, 49, 149, 150.

1. BANKRUPTCY—RIGHT TO OBJECT TO CLAIMS—PARTIES IN INTEREST.

The term "parties in interest," as used in Bankr. Act July 1, 1898, c. 541, § 57d, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], which permits parties in interest to object to the allowance of claims against the estate, applies only to those who have an interest in the res which is to be administered and distributed in the proceeding, and does not include those who are merely debtors or alleged debtors of the bankrupt.

2. SAME—RE-EXAMINING OF CLAIMS.

The element of motive cannot prejudice the assertion of a clear legal right or a statutory privilege, and the right to have a re-examination of claims allowed against a bankrupt estate as provided for by Bankr. Act

July 1, 1898, c. 541; § 57k, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], should not be denied to creditors who clearly have an interest therein because they seek such re-examination chiefly or solely in the interest of a third party.

Petitions to Review and Appeals from the District Court of the United States for the Southern District of New York.

On petitions for review (one by Hawley and Ray, and the other by creditors McCormick, Berg, and Cahn, whose claims have been proved and allowed in the bankruptcy court) of orders made by the District Court reversing orders of the referee. 142 Fed. 895. Under the orders of the referee Hawley and Ray, as parties in interest under sections 57d and 57k of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, pp. 3443, 3444]), were permitted to file and prosecute in their own names, and at their own expense, objections to the claims of 65 creditors, all members of the New York Cotton Exchange, whose claims had been proved and allowed, commonly designated as the "Cotton Exchange creditors," and similar leave was given to the creditors McCormick, Berg, and Cahn.

Davies, Stone & Auerback (Julian T. Davies, A. I. Elkus and Garrard Glenn, of counsel), for appellants.

Boothby & Baldwin (John W. Boothby, of counsel), for the trustee.

Henry W. Taft and Turner, Rolston & Horan, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The orders under review upon the petitions of Hawley and Ray should be affirmed because these petitioners were not "parties in interest" to the bankruptcy proceeding within the meaning of section 57 (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), and therefore had no standing in court to ask for the orders granted by the referee. It is true that the trustee in bankruptcy was about to bring an action against them to recover a considerable sum of money, and it is argued that their defense will be seriously prejudiced by the adjudication in the bankruptcy proceeding fixing the amount of the claims of the Cotton Exchange creditors. However this may be, they are not parties in interest in the proceeding itself in any legal sense, or within the meaning of the bankruptcy act. It is not enough that their rights may be incidentally affected by the proceeding. The term "parties in interest" applies to those who have an interest in the res which is to be administered and distributed in the proceeding; and does not include those who are merely debtors or alleged debtors of the bankrupt.

The orders under review upon the petitions of McCormick, Berg, and Cahn should be reversed. In denying them leave to re-examine the claims of the Cotton Exchange creditors, the decision of the district judge proceeded upon two considerations. He was of the opinion, first, that the petitioners had been guilty of laches; and, secondly, that the application was not made in their own interests, but was made in the interests of Hawley and Ray. The facts are not in controversy which bear upon the questions involved, and whether there was an unreasonable delay on their part in making the application, or whether the application should have been denied because it was made in the interests of Hawley and Ray, are purely questions of law. The facts upon which laches have been suggested are fully set forth in the opin-

ion of the referee, and more particularly in his opinion in considering the application of Hawley and Ray, and we fully agree with his conclusion that under the circumstances the application was made with sufficient diligence, and adopt his opinion.

Is the fact that their application was made in the interests of Hawley, and Ray, instead of their own, a sufficient reason for denying it, when it does not appear that in other respects the application was not a meritorious one? If the claims are expunged, or diminished, larger dividends will accrue to the petitioners, as well as to the other creditors of the bankrupt. The petitioners are creditors to the amount of over $3,700, and their interest in the result of a re-examination is clear. It is doubtless true that they would not have intervened merely in order to protect themselves, and that they were mainly and perhaps solely influenced by a desire to assist Hawley and Ray. But, if they had reasonable grounds for asserting the right secured to them by the bankrupt act, whether they chose to do so for their own advantage or for that of third persons is quite immaterial. The element of motive cannot prejudice the assertion of a clear legal right or statutory privilege. They have been deprived of the right reserved to them by section 57 merely because they would have been willing to forego it, or would not have asserted it, if they had not been moved by friendly consideration for Hawley and Ray. This was a matter which concerned only themselves. There was nothing censurable in the motive which induced them to proceed. Indeed, if they believed that unfounded or exaggerated claims of certain other creditors were to be used by the trustee and those creditors to the harm of Hawley and Ray, they were commendable in lending the latter their assistance. As their application was a legitimate one, we see no reason why it should be denied upon a consideration of motive. As we intimated during the argument, we are disposed to consider their application as though it had been made by Hawley and Ray, in their names; Hawley and Ray having acquired the petitioners' claims for that purpose. We are aware of no rule of law or equity which would interdict such a purchase by Hawley and Ray, or preclude the assertion of any right derived from it. The order made by the referee was broader than was necessary; but, although the District Court would have been justified in modifying it, it ought not to have been wholly reversed.

The order of the referee should be modified so as to provide for a re-examination instituted and conducted by the petitioners in the name of the trustee, through attorneys and counsel selected by them, and at their expense. See In re Lewensohn, 121 Fed. 538, 57 C. C. A. 600. Counsel may prepare and submit orders.