In re SAMUELSOHN et al.

(District Court, W. D. New York. December 9, 1909.)

1. BANKRUPTCY (§ 234*)—EXAMINATION OF BANKRUPT—RIGHTS OF CREDITOR.

A creditor of a bankrupt, though his claim has not been filed, proven, or allowed, is entitled to examine the bankrupts before the referee, under Bankr. Act July 1, 1898, c. 541, § 7a (9), 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), requiring the bankrupt to submit to an examination concerning his business, etc., and with reference to all matters affecting the administration and settlement of his estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 234.*]

2. BANKRUPTCY (§ 274*)—STATUTE—CONSTRUCTION—"PARTY IN INTEREST."

Bankruptcy Act July 1, 1898, c. 541, § 39, subd. 3, 30 Stat. 555 (U. S. Comp. St. 1901, p. 3436), provides that the referee shall furnish such information concerning estates in process of administration as may be requested by parties in interest. Section 47, subd. 5, provides that the trustee shall furnish such information as may be requested by parties in interest; and section 49 declares that the accounts and papers of the trustee shall be open to inspection of officers and parties in interest. Held, that a creditor of a bankrupt was a "party in interest" within such sections, even though he had not formally proved his claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 274.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3696; vol. 8, p. 7691.]

3. BANKRUPTCY (§ 243*)—TESTIMONY OF BANKRUPT—ACCESS OF CREDITORS.

Testimony of a bankrupt, taken as authorized by the referee, is a part of the record, to which creditors generally are entitled to access while it remains in the custody of the referee; and this, though the interests of the creditor seeking an examination and the trustee are antagonistic, in that the trustee intends to bring suit against the examining creditor to recover alleged preferences, and that a disclosure of the bankrupts' testimony, who were hostile to the trustee, might result prejudicially to the creditor.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 243.*]

In the matter of Lesser Samuelsohn and others, as individuals and copartners composing the firm of Samuelsohn Bros. & Co., bankrupts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On petition for review of a referee's order denying the petition of Simon M. Shimberg, a creditor, for an order directing the trustee to file with the referee or clerk the testimony of the bankrupts, or to permit examination thereof. Order reversed, and petition granted.

Frank Hopkins, for petitioner.
Wile & Oviatt, for trustee.

HAZEL, District Judge. This is a petition for the review of an order made by the referee in bankruptcy herein, denying the petition of Simon M. Shimberg, a creditor herein, for an order directing the trustee to file with the referee, or with the clerk of this court, the testimony of the bankrupts, given upon their examination, or to permit said Shimberg to have access to the same.

The question submitted for review is in principle controlled by In re Saur (D. C.) 10 Am. Bankr. Rep. 353, 122 Fed. 101. In that case, it is true, the claim had been proven and allowed; but such fact is not a material distinction from this case, in which the petitioner for review was scheduled by the bankrupts as a creditor, had received notice of the meeting of creditors, and had duly filed his claim. Under section 7a (9) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]) the petitioner had the unquestionable right to examine the bankrupts before the referee, even though his claim was not filed or formally proven (In re Price [D. C.] 91 Fed. 635; In re Jehu [D. C.] 94 Fed. 638; In re Walker [D. C.] 90 Fed. 550); and under section 39 (9) a party in interest has the right to apply to the referee to preserve the evidence taken. The petitioner for review was a party in interest within the meaning of sections 47 and 49, and section 39, subds. 3, 9, even though he may not have formally proved his claim. This would seem to be the effect of the decision of the Circuit Court of Appeals for the Second Circuit in Matter of Sully, 18 Am. Bankr. Rep. 123, 152 Fed. 619, 81 C. C. A. 609. The testimony taken, as authorized by the referee, is a part of the record in the proceedings, and creditors generally have access to it while it remains in the custody of the referee. Collier on Bankruptcy (7th Ed.) p. 522.

It is urged in opposition to permitting the petitioner to examine the testimony of the bankrupts that the interests of the petitioner and the trustee are antagonistic, and that he intends to bring suit against such petitioner to recover preferences given him by the bankrupts, and therefore a disclosure of the testimony of the bankrupts, who are hostile to the interests of the bankrupt estate, may result prejudicially to the creditors. This contention, however, is not maintainable, in view of the absolute right which a party in interest has to examine a bankrupt, and the right which he has to be informed concerning the estate by the trustee or referee. The trustee is not wholly at a disadvantage; for, if his surmise prove correct, there is nothing to prevent the impeachment of the bankrupts on the trial, if they should materially vary their former testimony.

An order may be entered directing the trustee to file the testimony with the referee, and that the petitioner herein, or his attorneys, may be allowed an inspection of the same, and upon payment of the usual fees may receive a copy thereof.