## In re WATERS–COLVER CO.

(District Court, E. D. New York. March 14, 1914.)

BANKRUPTCY (§ 244*)—PROCEEDINGS—WITNESSES—EXAMINATION—EXAMINATION OF TESTIMONY.

Bankr. Act July 1, 1898, c. 541, § 39 (9), 30 Stat. 555 (U. S. Comp. St. 1901, p. 3436), and General Order 22 (89 Fed. x, 32 C. C. A. xxv), provides that the referee shall make a record of proceedings before him, and shall take the substance of examinations down in longhand, unless they are taken stenographically, if the testimony is to be preserved, and also requires that the testimony, after being taken down, shall be read over and signed by the witness in the presence of the referee. *Held*, that the transcript of the testimony so taken becomes a record as a filed paper in the bankruptcy proceedings· only when signed and sworn to, and the witness is entitled to read it before he is compelled to sign it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 244.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Waters-Colver Company. Application by one McElroy to examine the minutes of his testimony taken before the referee under Bankr. Act, § 21a. On application to review. Referee's decision that the application should be granted sustained.

See, also, 206 Fed. 845.

Frederick L. Cramer, of New York City, for applicant.

Alexander & Ash, of New York City, for trustee.

CHATFIELD, District Judge. Application has been made by one McElroy to examine the minutes of his testimony taken under section 21a in the above-entitled proceeding.

It appears that certain litigation is pending with this party, and that the trustee has objected, upon the ground that the witness is not a creditor of the estate, but, on the contrary, owes money to the estate, and that he has made no attempt to prove a claim within the time for so doing.

The referee has reported that, while McElroy is not a party in interest, nevertheless he should be allowed to examine the testimony, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the application to review his decision the trustee cites such cases as In re Sully, 152 Fed. 619, 81 C. C. A. 609, and In re Chandler, 138 Fed. 637, 71 C. C. A. 87, to show that a person having no claim, against the estate is not a party in interest.

The statute provides—sections 47 (5) and 49—that parties in interest may inspect the records in the hands of the trustee and that the trustee must give information to parties in interest at any time. The applicant points out the fact that the words "party in interest" may include persons entitled to appear, even though they have no provable claim (such as a party opposing discharge). In re Nathanson (D. C.) 155 Fed. 645; In re Meyer (D. C.) 181 Fed. 904.

In this sense a person using what would have been a provable claim as a set-off to a debt owed by him to an estate is certainly a party interested in the proceedings, and would have the right to inspect any pertinent records or papers on the subject of the claim against which he is urging his own claim as set-off. But, further than this, the statute requires the referee to make a record of proceedings before him, and by section 39 (9) and General Order 22 (32 C. C. A. xxv, 89 Fed. x) he must have examinations taken down in substance in longhand, unless they are taken stenographically, if the testimony is to be preserved. By General Order 22 the referee is required to have the testimony taken, read over, and signed by the witnesses in the presence of the referee. This testimony then becomes manifestly a filed paper, so far as the record of the proceedings is concerned, and the witness should be given the right to read the testimony before he is compelled to sign it.

The General Order could hardly contemplate that testimony should be taken by a stenographer, the witness given no chance to sign it, and then that the trustee insist on treating the typewritten copy as a part of the record of the case, before it has been read over and corrected. This does not affect at all proof in a proper way of the testimony as given, where a charge of perjury or contradiction of the testimony as taken is involved.

The referee's action in allowing the witness to inspect his testimony will be upheld, and, if any question arises, the witness should be directed to sign and swear to the testimony before it is treated as a record capable of proving itself.