## In re GREENBAUM.

(District Court, E. D. Michigan, S. D. July 10, 1917.)

### No. 3327.

BANKRUPTCY ⬡⟳37—PROCEEDINGS—COPY OF TRANSCRIPT.

Bankr. Act July 1. 1898, c. 541, § 39a (3), 30 Stat. 555 (Comp. St. 1916, § 9623), declares that the referee shall furnish such information concerning the estates in process of administration as may be requested by the parties in interest; section 47a(5) (Comp. St. 1916, § 9631) declares that trustees shall furnish such information concerning the estates of which they are trustees and their administration as may be requested by the parties in interest; while section 49a (Comp. St. 1916, § 9633) declares that the accounts and papers of trustees shall be open to the inspection of officers of all parties in interest. Bankruptcy rule 29 of the district, providing for the allowance to the referee as expenses of administering the estate, provides that for clerical assistance in taking and transcribing the testimony of the bankrupt or other person which is actually filed in the case 20 cents per folio shall be paid; parties ordering copies thereof

---

⬡⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to pay at the rate of 10 cents per folio. Various persons were examined as witnesses without notice to the bankrupt, and thereafter he was ordered to show cause why he should not turn over to the trustee money and merchandise claimed by the trustee to have been concealed. The testimony of such witnesses was duly transcribed, and the transcript filed with the referee. *Held*, that the bankrupt was entitled as a matter of right to a copy of the transcript of such testimony, notwithstanding objections by the trustee.

In Bankruptcy. In the matter of the bankruptcy of Joseph Greenbaum. Petition by bankrupt to review an order of the referee denying the bankrupt's petition to require the official stenographer of the referee's court to furnish the bankrupt a copy of the transcript of testimony of witnesses taken on a general examination of witnesses before the referee, together with a petition for substitution of referees. Order denying bankrupt's petition for copy of transcript reversed, and petition for substitution of referees denied.

Bela J. Lincoln, of Detroit, Mich., for trustee.
Selling & Brand, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This is a petition for review, filed by the bankrupt herein, to review an order of the referee in bankruptcy denying a petition of said bankrupt to require the official stenographer of the referee's court to furnish to said bankrupt, upon payment therefor, a copy of the transcript of the testimony of certain witnesses taken on a general examination of such witnesses before the referee.

The sole question for review is thus stated by the referee in his report:

"May a bankrupt, as a matter of right, have the testimony of the witnesses that are taken in a bankruptcy proceeding for the purpose of informing the trustee as to the transactions of the bankrupt, and as to the disposition that has been made of his property, delivered to him by the referee, when the delivery of such testimony is objected to by the trustee, and when the trustee claims that to deliver said testimony is contrary to the rights and the interests of creditors?"

In the petition denied by the referee, the bankrupt alleged that on various occasions a number of persons, whom he named, had been examined as witnesses herein in an ex parte manner and without notice to said bankrupt; that he had, by an order of this court, been ordered to show cause why he should not turn over to the trustee certain money and merchandise claimed by the trustee to have been concealed by the bankrupt, but which the bankrupt denied having concealed; that he had been informed that it was upon the testimony of some or all of the witnesses mentioned that said order to show cause had been based; that, in order to properly prepare his answer to said order to show cause, it was necessary for him to have a transcript of the testimony of said witnesses, so that he might learn what money and property it was alleged he had concealed; that his attorney had applied to the stenographer of the referee for a transcript of testimony of said witnesses, which had been refused; and that he was entitled of right to have a copy of said transcript upon paying therefor, which he offered to do. The prayer of the petition was:

"That an order be entered requiring the official stenographer of the referee's court to furnish to him, upon payment therefor, a copy of the transcript of the testimony of such witnesses."

The answer of the trustee admitted the issuance of the order to show cause referred to; denied that it was based upon testimony of any of the said witnesses; alleged that the bankrupt was fully advised, by the facts set forth in the petition and bills of particulars upon which said order to show cause was based, as to what property and money it was alleged that he had concealed; alleged that the said witnesses had been examined by the said trustee ex parte for the purpose of informing himself concerning the acts, conduct, and property of the said bankrupt; that the said testimony could not be used against the bankrupt upon the hearing of the said order to show cause; averred that the said bankrupt had not been entitled to notice of the said examinations and was not interested therein; and denied that the bankrupt was entitled to access to a transcript of the said testimony.

The matter was submitted on the foregoing petition and answer and on the files and records in the case. According to the report of the referee, it was admitted by the trustee that a transcript of the testimony in question has been filed in the cause and charges made therefor. The referee was of the opinion that, because the bankrupt was not entitled to notice of, or to participation in, the examinations of these witnesses, which were held under section 21a of the Bankruptcy Act (Comp. St. 1916, § 9605), therefore he is not entitled to inspect the transcript of the testimony taken at such examinations.

No authorities have been cited, and I have been able to find none, precisely in point. I realize that the question is not free from doubt, and that there is much force in the reasoning of the referee. After, however, a careful examination and consideration of the provisions of the Bankruptcy Act and local bankruptcy rules which seem to me applicable, I am unable to agree with the opinion of the referee.

Section 39a (3) of the act provides that:

The referees shall "furnish such information concerning the estates in process of administration before them as may be requested by the parties in interest." Comp. St. 1916, § 9623.

Section 47a (5) provides that:

Trustees shall "furnish such information concerning the estates of which they are trustees and their administration as may be requested by the parties in interest." Comp. St. 1916, § 9631.

Section 49a is as follows:

"The accounts and papers of trustees shall be open to the inspection of officers and all parties in interest." Comp. St. 1916, § 9633.

In the case of In re Saur (D. C.) 122 Fed. 101, a creditor, seeking to reclaim certain property from the trustee, sought access to certain papers of the bankrupt estate, which the referee refused to allow, against the objection of the trustee, on the ground that:

The provisions of the Bankruptcy Act invoked, "broad as they are, should not be construed to require the divulgence to a claimant against the general estate of information which might tend to its detriment or depletion."

In reversing the order of the referee, the court used the following language:

"The reasoning of the referee in this case appears, at first view, quite plausible. A trustee defending a reclamation proceeding apparently occupies quite a different relation toward the reclaiming creditor from what he does toward the body of general creditors. But I think, upon consideration, that the provisions of sections 47 and 49 of the Bankruptcy Act * * * give any person interested in any bankrupt estate an absolute statutory right to the inspection of all accounts and papers of the trustee, and to be furnished with any information concerning the bankrupt estate which the trustee has."

In the case of In re Samuelsohn (D. C.) 174 Fed. 911, a creditor had prayed for an order directing the trustee to file with the referee or with the clerk of the court the testimony of the bankrupts, given upon their examination, or to permit such creditor to have access thereto, which order the referee declined to make. On petition for review of the order of the referee denying the petition of such creditor, the court said, among other things:

"The question submitted for review is in principle controlled by In re Saur, 10 Am. Bankr. R. 353, 122 Fed. 101. * * * The petitioner for review was a party in interest within the meaning of sections 47 and 49. * * * The testimony taken, as authorized by the referee, is a part of the record in the proceedings, and creditors generally have access to it while it remains in the custody of the referee. * * * It is urged in opposition to permitting the petitioner to examine the testimony of the bankrupts that the interests of the petitioner and the trustee are antagonistic, and that he intends to bring suit against such petitioner to recover preferences given him by the bankrupts, and therefore a disclosure of the testimony of the bankrupts, who are hostile to the interests of the bankrupt estate, may result prejudicially to the creditors. This contention, however, is not maintainable, in view of the absolute right which a party in interest has to examine a bankrupt, and the right which he has to be informed concerning the estate by the trustee or referee."

As was said in the case of In re Waters-Colver Co. (D. C.) 212 Fed. 761:

"The statute provides (sections 47 [5] and 49) that parties in interest may inspect the records in the hands of the trustee and that the trustee must give information to parties in interest at any time."

Whether, if the transcript of this testimony had not been filed in the case, petitioner would be entitled to have access thereto, it is unnecessary to determine here. Rule 29 of the bankruptcy rules of this district, which provides for the allowance to the referee, 'as expenses of administering the estate, of certain sums, contains the following clause:

"For clerical assistance in taking and transcribing testimony of the bankrupt or other persons before the referee and which is actually filed in the case 20 cents per folio. No copies of testimony to be furnished at the expense of the estate. Parties ordering copies of the testimony to pay therefor at the rate of 10 cents per folio."

As already indicated, the transcript of this testimony has been filed as required by such rule. It is therefore a part of the records in the cause, and as such, in my opinion, a public document or record, and I am of the opinion that under the circumstances here presented petitioner is entitled to a copy of such transcript as prayed. As was said by the court in the case of Sloan Filter Co. v. El Paso Reduction Co.

(C. C.) 117 Fed. 504, in granting a petition for leave to obtain a copy of the testimony and documents on file in such case:

"The matter of inspecting and taking copies of public records is as old in the law as the records are old. In English law, tenants of a manor could always inspect the court rolls and books of the manor in order to ascertain their titles. Rex v. Shelley, 3 Term R. 141. So, also, where the authority of a mayor was in question, citizens could inspect the books and papers of the borough in order to determine the fact. Rex v. Babb, 3 Term R. 579. Those cases and others support the common-law rule that a party may have inspection of any document or paper in which he may be interested. 1 Whart. Ev. par. 745. In American reports cases may be found to the same effect. Ferry v. Williams, 41 N. J. Law, 333, 32 Am. Rep. 219. * * * No statute is required, however, to support the petitioner's application. He is fairly within the common-law rule as one who has an interest in the subject, and therefore a right to inspect public documents affecting his interest. The petitioner is not an intermeddler in other people's affairs, nor is its application against public policy, as was the case in Re Caswell, 18 R. I. 835, 29 Atl. 259, 27 L. R. A. 82, 49 Am. St. Rep. 814. The petitioner seeks only to protect itself in respect to the matter in controversy in this cause, and for that purpose it may rightfully invoke the aid of the law to obtain a copy of the testimony and documents on file."

In Daly v. Dimock, 55 Conn. 579, 12 Atl. 405, relator had been indicted for murder, and sought by mandamus to compel a clerk of a court to allow him to inspect the transcript of certain testimony taken by a coroner, reduced to writing, and filed with such clerk, as required by a certain statute. In granting the writ of mandamus prayed, the court said:

"The Legislature required that such testimony should be reduced to writing by a sworn officer and preserved for future reference. It is enough for our present purpose to say that it is a public document, relating to matters of public interest, and required by law to be kept by a public officer, who is the custodian of the records of judicial proceedings and other public documents. The statute is silent in respect to the purpose for which such writings are preserved, and the use to be made of them, and by whom. In the absence of any limitation or restriction, we must assume that it was intended that they might be examined by any and all persons interested in the subject-matter. We do not consider that we are justified in saying that they may be inspected by one person, and not by another. In the absence of legislation to that effect, we cannot say that they are for the exclusive use of one person or officer, or that any one person or class of persons may not inspect or use them. The writing in question relates to the prosecution of an indictment before the superior court. We are asked to allow it to be used by the prosecution, and to sanction a refusal to let it be seen, even by the defense. We think, if the Legislature had intended any such distinction, it would have said so. It has not said so, and we fail to find anything in the statute to justify an implication to that effect. An attempt is made to find such an implication in that provision of the statute authorizing the inquest, or any part of it, to be held in private. No such argument can be legitimately drawn from that provision. The Legislature has not told us why that provision was inserted. Yet the reason is obvious enough. The object of the statute is to ascertain, if possible, the guilty party. If the evidence is likely to implicate some person hitherto unsuspected, it may be advisable, in order to prevent an escape, that the proceedings should be in private. But when a conclusion is reached, and the suspected party is arrested, there will ordinarily be no longer any reason for secrecy. Whatever other reasons may have existed for this clause of the statute, it is hardly possible to discover, either in the statute itself, or in any conceivable reason for it, sufficient ground for keeping the testimony private after it shall have been lodged with the clerk."

In Jemkins v. State, 45 Tex. Cr. R. 173, 75 S. W. 312, a motion was made by one charged with crime for leave to have access to the transcript of certain testimony taken before a justice of the peace shortly after the commission of such crime. The court said:

"If these proceedings were authorized by law, and the testimony of the witnesses taken down, it was a public document, and appellant, on proper motion, had a right to inspect and use it, if he deemed it necessary."

In Brewer v. Watson, 61 Ala. 310, it is said:

"An inspection of the records of judicial proceedings kept in the courts of the country is held to be the right of any citizen. 1 Greenleaf on Evidence (8th Ed.) § 471."

In Ferry v. Williams, 41 N. J. Law, 332, 32 Am. Rep. 219, in reviewing the general subject, the court used the following language:

"The documents in question are of a public nature, and the rule is that every person is entitled to the inspection of such instruments, provided he shows the requisite interest therein."

Without attempting to decide what the rights of petitioner would be if the transcript of the testimony in question had not yet been filed, which it is unnecessary to decide here, in view of the fact that such transcript has been filed, and in view, also, of the provisions of the local bankruptcy rule, already quoted, and considering the statutory provisions and authorities cited, I am of the opinion that the petitioner is entitled to obtain a copy of such transcript on the terms prescribed in the aforesaid rule, and I am therefore constrained to answer the question certified by the referee in the affirmative, in so far as it relates to the facts in the present case.

The petition of the bankrupt for a substitution of referees has been examined and carefully considered; but, in my opinion, no sufficient grounds for such substitution are shown, and such petition is therefore denied.