---

BEAVEN v. STUART.

(Circuit Court of Appeals, Fifth Circuit. January 10, 1918. Rehearing Denied February 18, 1918.)

Nos. 3158, 3159.

1. WITNESSES ⬅205—COMPETENCY—ATTORNEYS—"KNOWLEDGE ACQUIRED FROM CLIENT BY VIRTUE OF RELATION AS ATTORNEY."

Under Code Ala. 1907, § 4012, declaring that no attorney shall be competent or compellable to testify for or against his client, to any matter or thing, knowledge of which he may have acquired from his client by virtue of his relation as attorney, or by reason of anticipated employment as attorney, but shall be both competent and compellable to testify for or against his client as to any matter or thing, knowledge of which he may have acquired in any other manner, an attorney's knowledge of a transaction between his client and a third person, due to the fact that he was a witness of, and participated in that transaction, cannot be regarded as having been acquired from his client by virtue of his relations as attorney; there being an absence of communication made by the client in professional confidence.

2. BANKRUPTCY ⬅243—EXAMINATION OF BANKRUPT—INFERENCES.

Bankr. Act July 1, 1898, c. 541, § 7, subd. 9, 30 Stat. 548 (Comp. St. 1916, § 9591), declares that the bankrupt, when present at the first meeting of his creditors, and at such other times as the court may order, shall submit to examination by his creditors, while section 58 (Comp. St. 1916, § 9642) declares that creditors shall have at least 10 days' notice by mail of all examinations of the bankrupt. On a hearing of issues raised by the trustee's contest of claims, the claimant offered testimony of the bankrupt, taken on a previous examination before the referee at which the trustee was present and participated. The record showed that there was no examination of the bankrupt at the first meeting of his creditors. Held, that such testimony of the bankrupt was admissible, though notice to creditors was not shown; it being inferable that an order for examination under section 7 was made and requisite notice of the same was given.

3. BANKRUPTCY ⬅243—EXAMINATION—RIGHT OF CREDITORS TO PARTICIPATE.

Testimony elicited by a creditor on examination of the bankrupt is admissible in a proceeding wherein her claims were contested, though

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

she had not formally presented them at time of examination; that fact not depriving her of her right to participate.

**4. GUARDIAN AND WARD** ⬠**69—TRANSACTIONS—PRESUMPTION.**

Any conveyance, purchase, sale, contract, and especially gift by which the guardian derives a benefit, made after the termination of the legal relation, but while the influence lasts, is presumed to be invalid and voidable, and hence there is a presumption that a former ward's acknowledgment without consideration of receipt of payment of notes given by her guardian in settlement of the guardianship, made after termination of guardianship, while she was yet a member of the guardian's household, was invalid and voidable.

**5. GUARDIAN AND WARD** ⬠**69—TRANSACTIONS—EVIDENCE—SUFFICIENCY.**

Evidence *held* insufficient to show that a former ward's acknowledgment without consideration of receipt of payment of notes given by the guardian, made after termination of the guardianship, but while she still remained a member of his household, was not the result of undue influence.

**6. GUARDIAN AND WARD** ⬠**160—ACCOUNTING—ACTION TO SET ASIDE—LACHES.**

Where, within a reasonable time after she married and left her guardian's household, a ward instituted proceedings for the opening of the settlement of his guardianship accounts, she was not guilty of any laches which would preclude an attack on her acknowledgment without consideration of receipt of payment of notes given by the guardian for a sum he admitted to be due.

**7. BANKRUPTCY** ⬠**314(1)—CLAIMS—RIGHT OF FILING.**

The mere pendency of proceedings by a former ward against one who had been her guardian, to open the settlement of his guardianship accounts, does not, on the bankruptcy of the guardian, preclude her from filing, as claims against his estate, notes for an amount which the guardian admitted to be due, and which it was asserted he induced his former ward without consideration to mark "paid," by reason of his undue influence.

Appeals from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

In the matter of the bankruptcy of George Manegold. On objections of George Stuart, trustee in bankruptcy, the claims of Estelle Manegold Beaven were disallowed, and from such decrees claimant appeals. Reversed and remanded.

Stuart MacKenzie and John R. Tyson, both of Montgomery, Ala., for appellant.

B. P. Crum and Gustave F. Mertins, both of Montgomery, Ala., for appellee.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. These two cases are here on appeals from decrees disallowing two claims filed by the appellant against the estate of George Manegold, a bankrupt, who died before the claims were filed. One of the claims was based on a note of the bankrupt, dated October 20, 1908, for $14,357.15 and 6 per cent. interest from its date, payable to the order of the appellant three years after its date. The other claim was based on a similar note of the bankrupt, dated

August 4, 1909, for $2,750 and interest. There was indorsed on each of the notes the following statement, signed by the appellant: "Received payment in full, August 6, 1909." In behalf of the appellant it was and is claimed that those indorsements were made under such circumstances as to make the acts evidenced by them voidable by her. The evidence offered and admitted on the hearing before the referee of the issues raised by the trustee's contest of the claims included the testimony of the bankrupt taken on a previous occasion and the testimony of R. E. Steiner and of Clara J. Manegold, the widow of the bankrupt. On the hearing before the court on the trustee's petition for the review of the action of the referee in allowing the claims, objections of the trustee to the testimony of the three persons just named were sustained and that testimony was excluded. These rulings are assigned as error.

[1] The testimony of the witness Steiner was to the effect that he was the attorney for the bankrupt in the matter of the latter's settlement of his guardianship of the estate of the appellant; that witness prepared the two notes in question, and they were signed in his presence by the bankrupt and delivered to the appellant on the day the decree against the bankrupt on his settlement of his guardianship was signed, that decree being for the amount of the larger of the two notes, and that the smaller of the two notes was given for the purchase price of certain real estate. This testimony was excluded on the ground that the witness was rendered incompetent to give it by an Alabama statute, which is as follows:

"No attorney shall be competent or compellable to testify in any court in this state, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify, for or against his client, as to any matter or thing, knowledge of which he may have acquired in any other manner." Code of Alabama of 1907, § 4012.

The testimony of the witness was in reference to acts or transactions between the bankrupt and another person in the presence of the witness, and in which he participated. The knowledge of the witness of the things about which he testified was not acquired by him from his client by virtue of his relations as attorney. An attorney's knowledge of a transaction between his client and a third person, due to the fact that he was a witness of, and participated in, that transaction, cannot properly be regarded as having been acquired from his client by virtue of his relations as attorney, there being an absence of communication made by the client in professional confidence. The statute quoted does not purport to render an attorney incompetent to testify in regard to such a transaction. Chapman v. Peebles, 84 Ala. 283, 4 South. 273; In re Ruos (D. C.) 159 Fed. 252. We are of opinion that the testimony of the witness Steiner was improperly excluded.

[2, 3] The testimony of the bankrupt which was offered and excluded was elicited by the attorney representing the appellant when the bankrupt was being examined before the referee, and in the presence of the trustee and his attorney and of attorneys representing parties

having claims against the bankrupt estate. The testimony was objected to on several grounds, including the following: "No predicate has been laid for the introduction of the same. Said alleged testimony was not taken upon the general examination of the bankrupt." The ground now principally relied on to support the action of the court in excluding that testimony is that the creditors did not have notice of the examination as required by section 58 of the Bankruptcy Act. When the testimony was offered before the referee it was admitted over objections on sundry grounds then made. Though the trustee was present when the bankrupt gave the testimony and by his counsel cross-examined the bankrupt in reference to the matters testified to on the direct examination by the appellant's counsel, it may be assumed, without being decided, that that testimony would be subject to objection by the trustee in behalf of creditors represented by him if it was made to appear that the examination was had without the required notice to creditors. But it was not made to appear what notice was given of the examination of the bankrupt which was had on the occasion when the testimony in question was given. The showing that there was no examination of the bankrupt at the first meeting of his creditors was not enough to warrant the conclusion that the examination of him which was had was not allowable on the occasion when it occurred, as, under subdivision 9 of section 7 of the Bankruptcy Act, the bankrupt is required to submit to examination "at such other times as the court shall order." The contrary not appearing from the record, it may be inferred that the referee's action in permitting the examination of the bankrupt by the appellant's counsel was based upon his knowledge of or a finding that such order had been entered and notice given as would make that examination permissible. We do not think that the record discloses that the ground relied on to support the action of the court in excluding the testimony of the bankrupt was well founded in fact. If it was the privilege of any creditor to examine the bankrupt when the testimony in question was given, the fact that the creditor in whose behalf that testimony was elicited had not, at or prior to that time, formally presented her claims did not deprive her of the right to participate in the examination. In re Samuelsohn (D. C.) 174 Fed. 911.

It is not necessary to decide whether the testimony of Mrs. Clara J. Manegold was or was not properly excluded; as, in our opinion, the admission or rejection of that testimony would not affect the result to which the other evidence in the record leads.

[4, 5] The evidence in the case, including that which we have held was improperly excluded, shows the following state of facts: During the minority of the appellant, and while she was a member of the bankrupt's household, he became the guardian of her estate. On the settlement of the guardianship not long after the ward reached her majority a decree was rendered against the bankrupt as guardian for the sum of $14,357.15. At the same time the bankrupt made and delivered to the appellant the two notes which she presents as claims against his estate, one of them being for the amount decreed against the bankrupt on his settlement as guardian and the other for the purchase price of real estate in which the appellant had an interest. After

the notes were executed the appellant handed them to 'the bankrupt, who agreed to told them as agent. Very shortly after this occurred, and while the appellant was still a member of the bankrupt's household, he made a statement to her as to a claim which he had had against her deceased father's estate, and which had been disallowed when presented against that estate. Following the bankrupt's statement in regard to the claim he had made against the estate of appellant's father, he asked her three times if she wanted to mark the two notes he had given her "paid" and to turn them over to him. Thereupon she said she did, and signed the receipt, which was indorsed on each of the notes. For several years, and until her marriage, the appellant remained a member of the bankrupt's household. The bankrupt was her uncle, and his relation to her was like that of a father. A short while after the appellant's marriage and removal from the bankrupt's household she instituted proceedings to set aside the bankrupt's settlement as guardian. That proceeding was pending at the time the bankruptcy occurred. In the bankrupt's schedule of his creditors the two notes to the appellant were listed, the mention of the two items being accompanied by the statement that "these two notes are claimed to be fully discharged, but the amounts represented thereby are claimed in pending suit."

The appellant's acknowledgment of receipt of payment of the two notes was made under such circumstances as raised a presumption that her discharge of the bankrupt's obligations was invalid and voidable by her, and cast upon the bankrupt and the trustee of his estate the burden of proving the fairness of the transaction and the absence of improper influence in bringing it about. Any conveyance, purchase, sale, contract, and especially gift, by which the guardian derives a benefit, made after the termination of the legal relation, but while the influence lasts, is presumed to be invalid and voidable. Where the situation is such that as a matter of fact confidence is reposed on one side and there is superiority on the other side resulting from the influence acquired by the acceptance of the confidence bestowed, there is a presumption of undue influence to be rebutted by the superior party. Kyle v. Perdue, 95 Ala. 579, 10 South. 103; Manegold v. Beavan, 189 Ala. 241, 66 South. 448; 2 Pomeroy's Equity Jurisprudence (3d Ed.) § 961, p. 1774; 10 R. C. L. 897. The above-stated evidence points to the conclusion that the bankrupt, immediately after the settlement of his guardianship, and while his ward still was a member of his household and subject to his influence, induced her to give him two notes he had made to her for amounts due to her, aggregating more than $17,000, by representing to her that her deceased father was indebted to him on demands which he had unsuccessfully asserted against her father's estate. Our conclusion is that the evidence found in the record by no means rebuts the presumption that that transaction was the result of undue influence.

[6, 7] It is not made to appear that the appellant was guilty of laches in the assertion of her claims. Within a reasonable time after she was beyond the reach of the influence presumably exerted by her uncle and former guardian, she instituted proceedings having for their

object the opening of the settlement of his guardianship. Those proceedings were pending and undetermined at the time the bankruptcy occurred. The mere pendency of those proceedings did not preclude her from relying on the notes which she filed against the bankrupt's estate within the time allowed by the Bankruptcy Act for filing such claims. There is no inconsistency between the appellant seeking to have the guardianship settlement opened and claiming that her former guardian or his bankrupt estate is liable on the note he gave her for the amount he admitted to be due from him as guardian.

The two decrees appealed from are reversed, and the causes are remanded, with direction that the claims filed by the appellant be allowed.