**In re SMITH.**

No. 20959.

District Court, W. D. New York.

July 5, 1935.

464

Edward L. Cleary, of Rochester, N. Y., for creditor American Agricultural Chemical Co.

Heiby W. Ungerer, of Rochester, N. Y., for bankrupt.

RIPPEY, District Judge.

The referee was satisfied on evidence before him that the American Agricultural Chemical Company had a claim against the bankrupt estate, and so states in the return. Under those circumstances, the creditor was entitled to examine the bankrupt even if its claim was not filed. In re Samuelsohn et al. (D. C.) 174 F. 911; Beaven v. Stuart (C. C. A.) 250 F. 972; In re Horgan et al. (C. C. A.) 98 F. 414.

The referee states in his certificate "that the question presented on this review is whether or not the referee erred in denying to the petitioner his application to examine said bankrupt concerning the transactions between the petitioner and the George G. Smith Company, Inc." In the absence of evidence showing that the bankrupt and the George G. Smith Company, Inc., were, in fact, the same person or that the bankrupt was in exclusive control and management and entirely or principally interested financially in the corporation, the answer should be in the negative.

This case seems to involve facts, however, substantially similar to those in the Horgan Case, supra. Here the bankrupt and another as partners organized the corporation, the bankrupt owned practically all of the capital stock, and was the president of the company and had sole control and management of its business and finances, and the business of the partnership was merged and continued as be-

fore the organization of the company. The bankrupt was examined before the referee as to some of the transactions of the corporation. The creditor was not satisfied with the scope of the examination. The referee stated: "I am not going to permit counsel to ask witness any questions concerning this corporation." Then the following occurred:

"Mr. Hamilton: I ask to be permitted to examine the bankrupt concerning transactions which his partnership had or he had through his corporation.

"Referee: Motion denied.

"Mr. Hamilton: Exception."

In my opinion, the creditor was clearly entitled, under the facts in this case, to examine the bankrupt in respect to the matters stated in the offer (section 7 Bankruptcy Act, 11 USCA § 25 (9). Under that section he may be examined, among other things, concerning "his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate." The purpose of the examination may well be to ferret out assets of the bankrupt that may be concealed under the guise of their being assets of the corporation. If it appears that there has been a fraudulent transfer of assets of the bankrupt to the corporation or that the corporation was organized merely as a means for the bankrupt to carry on his business beyond the reach of his creditors, the examination should extend to a complete disclosure of the affairs of the corporation.

Such an examination is permissible only to a person interested in the estate of the bankrupt, and not as a fishing excursion to establish a claim against a third party. In view of the certificate of the referee that the petitioner has a claim against the bankrupt estate, the question certified must be answered in the affirmative; that is, the examination should be allowed, within the proper limits of Section 7 of the Bankruptcy Act.

So ordered.