In re STRAUSS.

Petition of SPENCE.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 95.

BANKRUPTCY (§ 455*)—ORDERS APPEALABLE.

Where, on appeal from a referee's order denying the application of a bankrupt's trustee to introduce certain testimony and allowing the claim, the district judge remanded the proceeding to the referee, with instructions to allow the trustee full latitude of inquiry with regard to the claim, but did not pass on the merits of the application to confirm the referee's report, the order was interlocutory and not appealable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. § 455.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Joseph W. Strauss. On petition of Harry M. Spence to revise an order of the District Court reversing the order of the referee denying the trustee's application to introduce certain testimony, and allowing the claim. Dismissed.

This cause comes here upon petition to revise an order of the District Court, Southern District of New York, sitting in bankruptcy. Upon an examination of the claim of Harry M. Spence, an alleged creditor before the referee, the latter excluded testimony which the trustee sought to introduce, and allowed the claim. The trustee thereupon brought the matter before the District Judge, who reversed the order of the referee denying his application to introduce the testimony and allowing the claim. The District Judge remanded the proceeding to the referee, with instructions to "allow the trustee full latitude of inquiry with regard to the claim of Spence," providing, further, that the trustee be allowed to add the defense of payment should he be so advised. This order Spence seeks to revise on petition to this court.

Olcott, Gruber, Bonynge & McManus, of New York City (Irving L. Ernst and David W. Kahn, both of New York City, of counsel), for petitioner.

Oscar Wagner, of New York City (Rudolph Marks, of New York City, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The District Judge did not pass on the merits of the application to confirm the referee's report. He merely sent the matter back to the referee, with instructions to take testimony which had been offered and excluded, and then to pass upon the whole case. Such a direction should not be brought here for review. When the record is complete and has been passed upon by the referee and the District Judge, it may properly be brought here. It would inaugurate an intolerable practice if mere rulings as to admission or rejection of testimony were brought here in advance of a decision on the merits of the question to the elucidation of which the testimony was offered.

The petition is dismissed.