In re BERTHOUD.

In re FARMERS' LOAN & TRUST CO.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 54.

BANKRUPTCY ☞444, 461—PREMATURE APPEAL AND PETITION TO REVISE.

Where to petition in involuntary bankruptcy by alleged creditors, setting forth a general assignment for creditors as an act of bankruptcy, an alleged creditor filed an answer suggesting legal reasons for invalidity of the whole proceeding, and denying every material fact of the petition, whereupon petitioners moved for adjudication, and order was entered merely declaring the "points of law raised by the answer" overruled, and directing a trial on the "issues raised by said answer," appeal and petition to review are premature; the order, considered as a mandate, doing no more than directing a trial of the issues, as was proper, and it being necessary that they be tried and adjudication granted or refused, before the case can be brought to the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. ☞444, 461.]

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of Alfred Edward Berthoud, trading as Coulon, Berthoud & Co., alleged bankrupt. The Farmers' Loan & Trust Company, an answering alleged creditor, appeals from, and petitions to revise, an order. Dismissed.

For opinion below, see 231 Fed. 529.

Edward H. Blanc, of New York City, for appellant and petitioner Farmers' Loan & Trust Co.

James N. Rosenberg, of New York City, for petitioning creditors.

Before COXE, WARD, and HOUGH, Circuit Judges.

PER CURIAM. The practice pursued herein has presented to this court nothing for judicial action. Certain persons alleging themselves to be creditors of Berthoud filed against him a petition in involuntary bankruptcy, setting forth a general assignment for the benefit of creditors as the act of bankruptcy. The Farmers' Loan & Trust Company, asserting itself to be a creditor, filed an answer, suggesting some legal reasons for the invalidity of the whole proceeding, and denying every material fact of the petition; e. g., that petitioners were creditors at all. Thereupon the petitioning creditors, or some of them, moved for adjudication. On these pleadings it is not seen how the motion could prevail, nor did it; but neither was adjudication refused, for the order entered, and now complained of, declared only that the "points of law raised by the answer" were overruled, and directed that a trial be had upon the "issues raised by said answer."

It is not easy to assign this order to any recognized class of judicial mandates; if it is anything more than an expression of opinion, it sustains a species of demurrer to part of an answer. Clearly no appeal

lies at present, yet as plainly, if and when adjudication is entered, appeal will lie; and the assignments of error then pressed may be substantially identical with those now before us. No present expression of our opinion can prevent the exercise of that legal right. It is true we have authority to "revise in matters of law, the proceedings" in this or any other bankruptcy arising in the circuit. But such "proceeding" means some formal exercise of judicial power affecting asserted rights of a party, and the order complained of, considered as a mandate, does no more than direct a trial of the issues, as was proper. As the issues raised by the pleadings must be tried as the District Court directed, they should be tried, and adjudication granted or refused, before bringing the case here.

It follows that the present appeal and petition are premature, and they are accordingly dismissed, without prejudice to past or future proceedings in the case, and without costs.