In re HOROWITZ et al.

(Circuit Court of Appeals, Second Circuit. March 13, 1918.)

No. 184.

1. BANKRUPTCY ⬠440—APPEALS—PETITION TO REVISE.

While doubtless the Circuit Court of Appeals has power to revise even interlocutory proceedings in bankruptcy, such procedure is not favored when the matter can be raised by appeal or petition from the order or decree finally disposing of the matter.

2. BANKRUPTCY ⬠446—REVISION—STIPULATIONS—DISCRETION OF COURT—"ABUSE OF DISCRETION."

Where, after much delay, a stipulation of record was entered into, providing that the application for discharge should be heard on a day named, and that, unless the trustee should then make objections, the referee would report in favor of the discharge, it was discretionary with the District Court to open the trustee's default and relieve against the stipulation, so as to allow him to make objections thereafter, and impossible for the Circuit Court of Appeals to say that there was "abuse of discretion"; i. e., unreasonable departure from considered precedents and settled judicial custom, which is error of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abuse of Discretion.]

Petition to Revise an Order of the District Court of the United States for the Southern District of New York in Bankruptcy.

In the matter of the bankruptcy of William Horowitz and Moe Laidhold, copartners trading under the name of the Moravian Woolen Company. On petition by the bankrupts to revise an order relieving the trustee from a stipulation relating to objections to the bankrupts' discharge. Petition dismissed.

Morrison & Schiff, of New York City (I. D. Morrison, of New York City, of counsel), for petitioners.

Rosenberg & Ball, of New York City (David W. Kahn, of New York City, of counsel), opposed.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. The bankrupt was presenting his application for discharge before the referee. There had been great delay in the matter, and finally a stipulation was entered on the record that the matter should proceed on a day named, and unless the trustee as objector was ready, and went forward on that day, the referee should report in favor of discharge. On the day appointed, the trustee's attorney was not present, and the referee gave report recommending discharge as on default.

The matter coming before the District Judge for confirmation, he relieved against the stipulation, opened the default on terms as to costs and expenses, and ordered a further opportunity for hearing. The order to that effect is the subject of this review.

[1] Nothing but matters, both interlocutory and of discretion, are here exhibited. Doubtless for error of law there is power in this court to revise even interlocutory proceedings in bankruptcy; but such resort to us is not favored when the matter can be raised by appeal or petition from the order or decree finally disposing of the matter.

[2] Again, whether to open the default and relieve against the stipulation was discretionary with the District Court. The delays had been considerable; the expenses imposed as a condition of further opportunity of proceeding were also considerable; it is, of course, impossible to say that there was abuse of discretion, i. e., unreasonable departure from considered precedents, and settled judicial custom, which is error of law. That the referee was quite right, in that he was bound by the stipulation of record, is not to the point. This petition questions the action of the court.

Petition dismissed. No costs.