Petition of MOULTHROP.

In re GREENBAUM.

(Circuit Court of Appeals, Sixth Circuit.  April 2, 1918.)

No. 3087.

1. BANKRUPTCY ⊕⊃243—EXAMINATION INTO AFFAIRS OF BANKRUPT—EVIDENCE.

Where in the course of an investigation of the bankrupt's affairs under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 551 (Comp. St. 1916, § 9605), the testimony of a large number of witnesses was taken stenographically before the referee, the bankrupt, in view of sections 39a(3), 47a(5), and 49a (Comp. St. 1916, §§ 9623, 9631, 9633), as well as a local bankruptcy rule declaring that no copies of testimony shall be furnished at the expense of the state, is entitled, on paying the charge fixed, to a stenographic copy of such testimony, for he must be deemed a party in interest to investigation of his affairs.

2. BANKRUPTCY ⊕⊃243—EXAMINATION INTO AFFAIRS OF BANKRUPT—EVIDENCE.

In such case, the fact that the testimony has not been read over and signed by the witnesses as required by General·Order No. 22, or that it could not be used in evidence against the bankrupt, cannot affect his right to inspection and a copy.

3. BANKRUPTCY ⊕⊃243—EXAMINATION INTO AFFAIRS OF BANKRUPT—EVIDENCE.

In such case, trustee's denial by answer that his petition, on which was issued an order to show cause why the bankrupt should not surrender and deliver certain personal property as well as cash, was based upon testimony of some or all of the witnesses, does not affect the right of the bankrupt to a copy of such testimony.

Petition to Revise an Order of the District Court of the United States for the Eastern District of Michigan, in Bankruptcy; Arthur J. Tuttle, Judge.

In the matter of the bankruptcy of Joseph Greenbaum. Petition by Harry C. Moulthrop, trustee in bankruptcy, to revise an order of the District Court. Order affirmed.

B. J. Lincoln and Clark, Emmons, Bryant & Klein, all of Detroit, Mich. (Butzel & Butzel, of Detroit, Mich., of counsel), for petitioner.

Selling & Brand, of Detroit, Mich., for respondent.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

---

⊕⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. On the petition of the trustee, an order was made requiring the bankrupt to surrender and deliver to that officer certain personal property amounting in value to upwards of $26,000, and to pay over to the trustee upwards of $1,800 in cash, alleged to have been concealed from the trustee by the bankrupt. In default of such delivery the bankrupt was ordered to show cause, on a day certain, why he should not be required so to do.

In the course of an investigation by the trustee of the bankrupt's affairs, had under section 21a of the Bankruptcy Act, which resulted in the order just mentioned, the testimony of a large number of witnesses was taken stenographically before the referee, without notice to and in the absence of the bankrupt. The testimony was transcribed at the expense of the estate, a copy filed in the cause, and another copy given the trustee. A local bankruptcy rule allows to the referee a folio charge for clerical assistance in taking and transcribing such testimony, and provides:

"No copies of testimony to be furnished at the expense of the estate. Parties ordering copies of the testimony to pay therefor at the rate of ten cents per folio."

The bankrupt informally requested a copy of this testimony, for the purpose of enabling him to prepare his answer to the order to show cause above mentioned. Such copy was, on the trustee's request, withheld by the referee, who later denied the bankrupt's formal petition for such copy, accompanied by offer to pay for the same. On review of this order the District Judge, in a carefully considered opinion (243 Fed. 965), concluded that whatever might have been the case had the testimony not been filed, yet being so filed it became a part of the public records of the cause, to a copy of which the bankrupt was entitled under the bankruptcy act and the local rule referred to, and accordingly reversed the referee's order. The present proceeding is brought to review this order of reversal.

[1-3] We think the District Judge rightly directed that the bankrupt be furnished a copy of the testimony. Its taking was expressly authorized by section 21a of the act, which we think intended for the benefit not only of creditors, but of the bankrupt. The language of the statute, which provides that the testimony may be taken before the court, prima facie contemplates a more or less public proceeding; and, while the bankrupt is not entitled to notice, yet, without reference to whether he could be excluded from a public examination taken under order of the court (see Black on Bankruptcy, § 259, note 14), we think that, in the absence of express prohibition in the bankruptcy act, the testimony having been paid for out of the funds of the estate and having become part of the files and records of the case, any person interested therein was entitled, both under the general law [1] and in view of the general policy of the bankruptcy act as evidenced by sections 39a(3), 47a(5), and 49a, to see the testi-

---

[1] Daly v. Dimock, 55 Conn. 579, 12 Atl. 405; Brewer v. Watson, 61 Ala. 310; Ferry v. Williams, 41 N. J. Law, 332, 32 Am. Rep. 219.

mony and, under the local rule referred to, to have a copy of it on paying the fees therefor.

Neither the fact that the testimony has not been read over and signed by the witness (as provided by General Order No. 22, 89 Fed. x, 32 C. C. A. xxv), nor that it cannot be used as evidence against the bankrupt, can affect the right to inspection and copy. The lessening thereby of the probative value of the testimony does not take away the right of interested parties to have access to it. The trustee's denial, by answer, that his petition on which the order to show cause issued "is based upon the testimony of some or all of the said witnesses," does not impress us.

It is plain, to our minds, that the bankrupt is a party in interest with respect to proceedings whose object is to require a transfer of property under pain of contempt proceedings, and which may result in criminal proceedings under section 29 of the act. We cannot think that public interests will be endangered by furnishing the copy in question, especially as all the evidence had been taken two months or more before the copy was requested.

The order of the District Court is, accordingly, affirmed.