## In re PRUSSIAN.

(District Court, E. D. Michigan, S. D.    February, 1919.)

### No. 3518.

1. BANKRUPTCY ⊜⊃241(1)—EXAMINATIONS BEFORE REFEREE—RIGHTS OF CRED-ITORS—"PROCEEDING IN BANKRUPTCY."

The examination of witnesses before a referee, under Bankruptcy Act July 1, 1898, § 21a (Comp. St. § 9605), is a "proceeding in bankruptcy" before a court, and every creditor of the bankrupt is a party in interest, and entitled to participate therein, and to the presence of counsel in his behalf.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Proceeding in Bankruptcy.]

2. BANKRUPTCY ⊜⊃241(1)—EXAMINATION BEFORE REFEREE—RIGHT OF CREDI-TOR AS WITNESS TO COUNSEL.

That a creditor is subpœnaed by the trustee for examination before a referee, under Bankruptcy Act July 1, 1898, § 21a (Comp. St. § 9605), does not lessen his right as a creditor to be represented by counsel, nor does the fact that he has not yet proved his claim, nor that his counsel happens also to be attorney for the bankrupt.

In Bankruptcy. In the matter of Meyer Prussian, bankrupt. On review of order of referee. Remanded.

Selling & Brand, of Detroit, Mich., for petitioner.

Henry M. Butzel and B. J. Lincoln, both of Detroit, Mich., for trustee.

TUTTLE, District Judge. This matter is before the court on a petition to review an order of the referee in bankruptcy for this division, excluding from an examination being held under Bankruptcy Act July 1, 1898, c. 541, § 21a, 30 Stat. 551 (Comp. St. § 9605), an attorney who appeared at such examination as counsel for a creditor who had been called by the trustee for examination. The exclusion was based on the ground that such attorney was also counsel for the bankrupt and that therefore his presence would be improper, and on the further ground that as such creditor had not proved his claim in the bankruptcy proceedings he was not a creditor and therefore not entitled to be represented at the hearing. The question certified by the referee is thus stated by him in his certificate:

"The sole question for review, therefore, is: May a witness who is subpœnaed to appear before the referee at the instance of the trustee and for the purpose of inquiring into the conduct, assets, and property of the bankrupt, where the witness, although a creditor, has not filed a claim in the proceedings, be represented by the attorney for the bankrupt, over the protest and objection of the trustee or his attorney?"

[1] Section 21a provides as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt, whose estate is in process of administration under this act."

General Order 4 (89 Fed., iv, 32 C. C. A. viii) provides as follows:

"Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf, or by a petitioning or opposing creditor; but a creditor will only be allowed to manage before the court his individual interest. Every party may appear and conduct the proceedings by attorney, who shall be an attorney or counselor authorized to practice in the Circuit Court or District Court."

General Order 22 (89 Fed. x, 32 C. C. A. xxv) provides, among other things, as follows:

"The examination of witnesses before the referee may be conducted by the party in person or by his counsel or attorney, and the witnesses shall be subject to examination and cross-examination, which shall be had in conformity with the mode now adopted in courts of law."

Reading these provisions together, it seems plain that an examination under section 21a is a legal proceeding in court involving the rights of both the bankrupt and his creditors. The objects of such a proceeding are, of course, to assist the trustee to discover concealed assets of the bankrupt, to ascertain whether the bankrupt has given preferences to any of his creditors, to learn whether the bankrupt has been guilty of acts which would prevent him from obtaining his discharge in bankruptcy, and, in general, to aid the trustee to recover, for the creditors, any property to which they are entitled, to protect their rights in the bankruptcy proceedings, and to assist the court in administering the estate of the bankrupt. Cameron v. United States, 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448; Ulmer v. United States, 219 Fed. 641, 134 C. C. A. 127 (C. C. A. 6). This examination is a proceeding in bankruptcy before a court, in which witnesses are examined and cross-examined, as in ordinary trials in law or equity. It is a more or less public proceeding. In re Greenbaum, 249 Fed. 468, 161 C. C. A. 426 (C. C. A. 6).

It seems, therefore, clear that every creditor of the bankrupt is a party in interest to such proceeding and entitled to participate therein and to the presence of counsel on his behalf. Remington on Bankruptcy (2d Ed.) vol. 2, § 1574; Good v. Kane, 211 Fed. 956, 128 C. C. A. 454 (C. C. A. 8); General Order 4; General Order 22.

[2] One of the fundamental rights of every person compelled or entitled to appear in court to defend himself or his property is the right to be attended by counsel. Creditors, therefore, having interests in bankruptcy proceedings vitally affecting themselves and their property certainly should not be deprived of this fundamental and valuable right. The fact that a creditor entitled to thus appear and be represented by counsel at this examination is summoned to attend as a witness surely cannot so affect the situation that a creditor who might otherwise have attended the hearing with counsel loses this right merely because, instead of appearing voluntarily, he attends in response to a subpœna. No good reason for this distinction has been presented to me and I can perceive none.

Nor does the fact that a creditor has not actually proved his claim render him any the less a creditor of the bankrupt within the meaning of the Bankruptcy Act. In re Jehu (D. C.) 94 Fed. 638; In re Walker

(D. C.) 96 Fed. 550; In re Kuffler (D. C.) 153 Fed. 667; In re Rose (D. C.) 163 Fed. 636; Beaven v. Stuart, 250 Fed. 972, —— C. C. A. ——.

Furthermore, this right of the creditor in the present case to have counsel present at his examination before the referee, cannot, in my opinion, be lost or affected by the fact that his attorney happened also to be the attorney for the bankrupt. It appears from the record that the attorney who represented the creditor upon this hearing had been his attorney for some time previously, and there is no claim, or evidence tending to support an inference, that there was any collusion between the creditor and the bankrupt, or any lack of good faith on the part of the attorney in question. No authority has been cited, and I have discovered none, holding that a party, if entitled to counsel, cannot be represented by a particular attorney simply because the latter happens to be also attorney for another party in the same case, and even though such other party did not have any right to be represented by counsel.

The only instance in which the court would have a right to be concerned with the question whether one attorney could properly represent more than one client interested in the same cause is when in fairness to the clients the retainers are inconsistent and the same attorney could not fairly and honestly serve both clients. No such question is here presented. I am satisfied that no authority can be found holding that an attorney cannot serve as many clients as desire to employ him in the same proceeding, unless such retainers become unprofessional, because they place the attorney on opposite and inconsistent sides of a contention, so that he cannot be fair with all of his clients. There is nothing to prevent a creditor from joining his cause with that of a bankrupt. If such a creditor and a bankrupt see fit to do that, and, knowing the full situation, employ the same counsel, there is nothing improper about it. The question of the propriety of such a course is one for the clients directly concerned, and does not involve or concern other parties to the contest.

It is therefore unnecessary to consider, and this court does not decide, whether this attorney, if appearing as counsel for the bankrupt, would have been entitled to be present at this examination.

It is urged with much earnestness that to permit the presence of counsel, who is also attorney for the bankrupt, at such an examination, would tend to defeat the very object thereof, by permitting the bankrupt to obtain information as to the testimony given at the examination, and thus enable him to cover up his tracks and evade justice. Any such argument, however, should be addressed to the tribunal which made this law, and not to the court, whose only duty and power in this connection is to construe the law so made.

The contention really amounts to this, that the examination provided by section 21a should be held to be a secret inquisition, at which only certain persons may be present. Aside from the inherent difficulty in determining just who might and who might not attend such examination, it is not clear by what authority a trustee in bankruptcy, or even the referee or court, could convert this bankruptcy proceeding, held in a court, with witnesses sworn and testifying, subject to exam-

ination and cross-examination in conformity with the rules of law, into a secret session at which certain parties, having rights which may be affected by the questions asked or the answers given at the hearing, may be compelled to attend, but from which their counsel, and other parties having rights involved in such proceeding, together with their counsel, may be excluded. Counsel have not pointed out any provision in the Bankruptcy Act justifying such a construction of the statute or rules applicable, and I know of none. The provisions already mentioned seem to clearly indicate that a contrary construction is the proper one.

I cannot resist the conclusion that the referee erred in excluding from this examination, under the circumstances presented by the record, counsel for this creditor, and the cause must be remanded for further proceedings not inconsistent with this opinion.