104 F.2d 777 (1939)
In re WINTON SHIRT CORPORATION.
STEIN
v.
ELIZABETH TRUST CO.
No. 7004.
Circuit Court of Appeals, Third Circuit.
June 6, 1939.
*778 Bilder, Bilder & Kaufman, of Newark, N. J. (Walter J. Bilder, of Newark, N. J., on the brief), for appellant.
Samuel Koestler, of Elizabeth, N. J. (Benjamin Nohemie, of Elizabeth, N. J., of counsel), for appellee.
Before BIGGS, MARIS, and BUFFINGTON, Circuit Judges.
BIGGS, Circuit Judge.
The Winton Shirt Corporation was adjudicated a bankrupt upon an involuntary petition in bankruptcy filed against it upon May 5, 1938. Thereafter, upon May 18, 1938, an examination into the affairs of the bankrupt was ordered pursuant to the provisions of Section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44(a), and this examination has proceeded before the referee from time to time. Among the persons examined were officers of Elizabeth Trust Company, the appellee. An examination had theretofore been made into the affairs and business of the appellee by an examiner for the Banking Department of the State of New Jersey. The trustee in bankruptcy subpoenaed the report of the examiner in the possession of the appellee. A motion was made by the appellee to quash this subpoena and this motion was denied by the court below. Thereafter the examiner of the Banking Department of New Jersey was subpoenaed for examination in the 21a proceedings and was examined in respect to the report which he had made concerning the appellee's business. The appellee attempted to procure a transcript of this witness' testimony, first by request, then by formal application to the referee in bankruptcy. The request and application were refused and the testimony was impounded by order of the referee. A petition for review was filed in the District Court and the District Judge upon November 22, 1938, reversing the order of the referee, ordered the referee in bankruptcy to furnish the transcript of the testimony desired by the appellee, viz., the testimony of the Banking Department's examiner in the 21a proceeding, to the appellee. This is the order appealed from.
It appears that the appellee is a creditor of the bankrupt and that it has filed a claim with the referee in the proceedings in the *779 sum of $270,982.02. This indebtedness is alleged to have arisen from loans made by the appellee to the bankrupt from time to time, secured by the pledge of accounts receivable and by warehouse receipts. It also appears that at the time of the filing of the order of the referee impounding the testimony sought by the appellee that the trustee was preparing to file a plenary suit against the appellee for the recovery of certain alleged voidable preferences for the benefit of the estate of the bankrupt. Upon hearing the referee made findings of fact which were in part as follows, "It is true that the Elizabeth Trust Company is a creditor. It is also evident that the application for a copy of this testimony is made for the benefit of the Elizabeth Trust Company as a litigant and not as a creditor." These findings are fully supported by the evidence.
Two questions are presented for our determination. The first is whether the appeal is properly before this court, not having been allowed by us. The second question is whether the appellee is entitled to receive the transcript of the testimony which it has demanded.
In respect to the first question, we state that an examination carried on pursuant to the provisions of Section 21a is part of the administration of the bankrupt's estate. Such a proceeding is in aid of administration. In re J.A.M.A. Realty Corporation (Willcox v. Goess) 2 Cir., 79 F.2d 546, 547. It follows that an order, such as that here appealed from, entered in the course of or in connection with a 21a examination, is an administrative order and is made in the proceedings. Section 24a of the Bankruptcy Act, as amended by the Act of June 22, 1938, c. 575, § 1, 52 Stat. 854, 11 U.S.C.A. § 47(a), provides that the Circuit Courts of Appeals are invested with appellate jurisdiction from the courts of bankruptcy in their respective jurisdictions "* * * in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact: Provided, however, That the jurisdiction upon appeal from a judgment on a verdict rendered by a jury, shall extend to matters of law only: Provided further, That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court."
By the amendment the troublesome distinction between "controversies" and "proceedings" existing under the prior statute has been eliminated except that it appears that appeals in controversies may be taken only from final orders, decrees or judgments. The final clause of the section above quoted remains however for interpretation.
Many orders, decrees or judgments arising in bankruptcy proceedings directly involve no sum of money whatsoever. An order adjudging an officer of a bankrupt in contempt and decreeing a term of imprisonment is such an order. An order directing the appearance of a bankrupt for examination is in the same category. An order granting a discharge or refusing to grant a discharge to a bankrupt cannot be said to involve a sum of money, though such an order necessarily affects the right of creditors to collect debts due to them from the bankrupt. The order sub judice does not involve a discernible sum of money though we can perceive that the failure of the trustee to supply the testimony sought by the appellee may hamper the appellee in the presentation of its defense in the suit which the trustee is bringing against it. That suit may result in a verdict against the appellee in an amount in excess of $500. We conclude that when the amended statute makes use of the word "involves" it does so in the accepted sense in which that word is generally used, viz., to embrace, include or concern directly. It follows therefore that the order appealed from in the case at bar cannot be measured in terms of dollars.
Was it the intention of the framers of the amendment to permit appeals as a matter of right from all orders, decrees or judgments (save only as to interlocutory orders, decrees or judgments in controversies arising out of bankruptcy proceedings as distinguished from proceedings therein) in which no sum of money is involved, as well as from all orders, decrees or judgments involving the sum of $500 or more? It may of course be argued with plausibility that an order which does not involve any sum of money cannot involve $500, and that therefore an order not involving money cannot be appealed to this court except upon allowance of an appeal by this court. Such a ruling, however, would prohibit appeals as a matter of right in those cases which were allowed expressly under Section 25 of the Bankruptcy Act, *780 11 U.S.C.A. § 48, as it existed prior to the recent amendment under discussion, including appeals from such judgments granting or denying a discharge to a bankrupt. Moreover, it should be noted that the amendment embraces in its terms the provisions theretofore included in Section 25a of the Bankruptcy Act. While the interpretation of Section 24a here contended for by the appellant would increase greatly the number of appeals, such an interpretation liberalizes the right of appeal in bankruptcy. While we were first inclined to adopt the narrower view contended for by the appellee to the effect that only orders, decrees or judgments involving sums of money and sums of money of $500 or over were appealable as a matter of right, we now conclude that such a view would be erroneous.
In the case of Robertson v. Berger, 102 F.2d 530, 531, the Circuit Court of Appeals for the Second Circuit had before it an application to allow an appeal from an order adjudging the bankrupt in contempt for failing to produce his books of account for examination. The court stated that there was no necessity for the allowance by it of an appeal from such an order and said: "We think that it (the amendment) means, not that our jurisdiction is discretionary whenever the order `involves' anything except money of more than $500 in amount, but only when it `involves' money alone, and less than $500. Our reasons are drawn both from the letter and the apparent purpose. Literally, an order like that at bar does not `involve less than $500': since it involves no money at all, it cannot involve less than any sum, for the comparative necessarily implies the characteristic. So much for the words. As to the purpose, the exception, which seems to have been drawn from § 25(a) (3), 11 U. S.C.A. § 48, was apparently designed to exclude trifling disputes. Unless it be limited to money, this purpose will be defeated, for there are many orders which `involve' other things, but are of much greater importance than claims for $500. Such, for instance, are orders, punishing a witness for contempt, appointing or removing a trustee or a receiver, forbidding the bankrupt to leave the district, allowing examinations under § 21a, 11 U.S.C.A. § 44 (a), closing first meetings of creditors. Even stays of suits cannot be said to `involve' the amount claimed against the bankrupt except by a strain, for they merely hold up their prosecution. Cases, where the sum in question is less than $500, but the sanction is imprisonment, or where the sanction is a fine of less than $500, we do not decide; for here, although the value of the books as paper is indeed less than $500, the trustee does not want the papers, but the records upon them, and those have no money value. Hence neither the stake nor the sanction can be appraised in money."
In our opinion the language just quoted correctly states the law upon this subject. We hold therefore that the appellant was entitled to appeal the order sub judice as a matter of right and that no allowance of the appeal was required.
As to the second question presented for our determination we state that a law suit, in the eye of modern jurisprudence, may no longer be treated as a battle of surprises. A court of bankruptcy must do equity. In the case at bar, as we have stated, a report made to the Banking Department of the State of New Jersey in respect to the business of the appellee was subpoenaed by the trustee while it was in the possession of the appellee. The testimony here sought by the appellee is that of the employee of the Banking Department who prepared the report and gave evidence before the referee concerning it. We think that it would not be equitable to permit the trustee to require the appellee to produce the report by means of a subpoena and not grant to the appellee a right to examine testimony relating to the subpoenaed document.
Moreover, we entertain no doubt that the examination of witnesses pursuant to the provisions of section 21(a) of the Bankruptcy Act must take place at a public hearing. Such is the case because the referee in conducting the hearings serves as the court and the processes of the court are available to compel the attendance and testimony of witnesses. Such hearings cannot be conducted in camera. Counsel for interested persons are entitled to examine the proceedings. Under circumstances substantially similar to those of the case at bar, it has been held that a creditor or even the bankrupt himself is entitled to examine the testimony given at hearings as well as books and records in the possession of the trustee. In re Saur, D.C., 122 F. 101; In re Samuelsohn, D.C., 174 F. 911; Petition of Moulthrop, 6 Cir., 249 F. 468.
*781 We are therefore of the opinion that the appellee is entitled to the transcript of the testimony here sought by him. Accordingly, the order of the District Court is affirmed.