**In re HOTEL GOVERNOR CLINTON, Inc.**
**Appeal of KNOTT et al.**
**No. 160.**

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1939.

Krause, Hirsch & Levin, of New York City (George C. Levin, of New York City, of counsel), for appellants.

Blackwell Bros., of New York City (Jas. Madison Blackwell, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

In June, 1935, the debtor, Hotel Governor Clinton, Inc., filed its petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Thereafter on December 2, 1937, an order was entered confirming a plan of reorganization pursuant to which the debtor's property was transferred to the present petitioner, Governor Clinton, Inc. Its petition alleges that during the pendency of the reorganization proceedings Knott Management Corporation was employed under court order to operate the hotel on a contingent fee basis and received from the debtor commissions aggregating nearly $100,000, one-third of which the petitioner seeks to recover from the Management Corporation and certain individuals who were also named as respondents, on the ground that the court was imposed upon in respect to the order which authorized the employment of the Management Corporation. Upon an order to show cause dated June 1, 1939, the respondents were brought into court. The appellants, Knott Management Corporation and David H. Knott, appearing specially, denied the summary jurisdiction of the court and asserted that they were bona fide adverse claimants entitled to trial by plenary suit in a court of competent jurisdiction. Their answer also denied that the district court had any jurisdiction whatever, and then proceeded, "solely for the information of the Court, to indicate that the said claims are made in good faith," to admit or deny the specific allegations of the petition. On July 7, 1939, the district judge entered the order appealed from, which referred the issues to a special master for hearing and report.

The appellee contends that this appeal is premature; that nothing has as yet

been determined either as to the jurisdiction of the court or as to the merits of the cause of action which the petition purports to assert. We think this position is well taken. The district judge's memorandum merely states that the issues of fact and law raised by the petition and answers will be referred to a special master to take the testimony tendered by the parties and report with all convenient speed. As the only issues raised by the answers of the appellants relate to the jurisdiction of the court, it is plain that Judge Patterson intended to decide nothing except to seek the aid of a special master in ascertaining the facts and law essential for a decision subsequently to be made. It is true that the order actually entered might be construed to go further than the judge's memorandum. It reads "that all issues of fact and law raised by the petitioner and the answers in these proceedings in connection with the fairness and reasonableness of the management contract * * * are hereby referred generally for consideration and report * * *." But in the light of the record it would be a strained construction to read the order as making an adjudication on the subject of jurisdiction and referring only the merits of the alleged cause of action for hearing and report. Unless it be given such strained construction it is plain that the order should not be reviewed. When an interlocutory order in proceedings in bankruptcy has overruled an objection to jurisdiction and sent the matter to a commissioner to report on the merits, this court in order to review promptly the jurisdictional question has entertained a petition to revise. In re Margolies, 2 Cir., 266 F. 203. But interlocutory orders which determine nothing except that issues raised by the pleadings are to be referred for report will ordinarily not be reviewed until final disposition of the matter. See In re Strauss, 2 Cir., 211 F. 123; In re Berthoud, 2 Cir., 238 F. 797; In re Horowitz, 2 Cir., 250 F. 106. Although these cases arose when the Bankruptcy Act provided for review in matters of law by petition to revise, they are equally applicable to appeals from interlocutory orders under section 24 of the Act as it now stands, 11 U.S.C.A. § 47. Obviously the order at bar, properly construed as adjudicating nothing as to jurisdiction, furnishes the appellants with no grievance to be remedied by an appellate court. Whether testimony shall be taken by a master or by the judge himself lies wholly within his discretion. When the judge comes to decide the question of jurisdiction, it is conceivable that he may accept the appellants' contentions. Until he has passed on this question, it is not for this court to express an opinion on the subject.

Appeal dismissed.