**CAROLINA MILLS, Inc. et al. v.
CORRY et al.**

No. 6603.

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1953.

Decided July 15, 1953.

A. L. Hardee, Florence, S. C. (Willcox, Hardee, Houck & Palmer, Florence, S. C., on the brief), for appellants.

J. Mack Holland, Jr., Gastonia, N. C., Henry Hammer, Henry H. Edens, Columbia, S. C., and F. Grainger Pierce, Charlotte, N. C. (Mullen, Holland & Cooke, Gastonia, N. C., and Pierce & Blakeney, Charlotte, N. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is another appeal in the reorganization proceedings of the Carolina Mills which have been before this court a number of times. This appeal is from an order limiting the scope of the examination of witnesses whose depositions had been ordered taken by the court. A charge had been made that one of the trustees of the debtor corporation had been purchasing cotton from a corporation owned and controlled by his near relatives and that he had improperly paid to that corporation unwarranted prices for cotton so purchased. An order had been entered, pending the determination of the question so raised, withholding the payment of additional compensation awarded the trustee and a subpoena had been issued for the examination of the officers of the corporation and the production of its records relating to cotton sold to the trustee. On February 10, 1953, an order was entered providing: "Said witnesses shall not be questioned or answer, nor be required to produce any documents or records, with respect to the purchases of, or purchase price paid for,

any cotton in turn resold or brokered by G. D. Taylor, Jr., and Company. Inc., to Carolina Mills, Inc., and/or W. H. Corry, Trustee." A petition to review this limitation of the examination of witnesses and documents was denied; and from the denial this appeal was taken.

To avoid delay which might otherwise result in the case, we will say for the consideration of the court below that all of the judges of this court are of opinion that examination of witnesses and documents should be allowed, not only with respect to the prices paid by the trustee for cotton, but also with respect to the prices paid for that cotton by the corporation which sold it to the trustee, since the spread in prices might have a reasonable tendency to establish whether or not the cotton sold was correctly graded, whether or not some of it was fire damaged and whether or not prices paid by the trustee were unwarranted. The examination should be limited in such way, however, as to minimize as much as possible the inconvenience involved in the production of the records. Where a trustee in reorganization proceedings, who is an officer of the court, is charged with fraudulent conduct, the fullest examination should be had and all facts or circumstances which might throw light on the charge should be carefully inquired into.

We do not think, however, that an appeal lies to us from an order relating to the examination of witnesses or documents under 11 U.S.C.A. § 47, or that we should allow such appeal under 11 U.S.C.A. § 650 as being a matter relating to allowances. Cf. Brown v. Hammer, 4 Cir., 203 F.2d 239. While appeals are allowed by 11 U.S.C.A. § 47 from interlocutory as well as final orders, this does not mean that appeal may be taken from orders relating to mere preliminary or procedural matters. In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398; In re Horowitz, 2 Cir., 250 F. 106; In re Berthoud, 2 Cir., 238 F. 797; In re Strauss, 2 Cir., 211 F. 123, 124. As said in the case last cited: "It would inaugurate an intolerable practice if mere rulings as to admission or rejection of testimony were brought here in advance of a decision on the merits of the question to the elucidation of which the testimony was offered." See also Atlantic Seaboard Corp. v. Federal Power Comm., 4 Cir., 201 F.2d 568, 572; Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 82 L.Ed. 1408. On appeal from the order entered disposing of the question as to the allowance to the trustee, questions relating to the evidence and the scope of examination permitted can be brought before us.

For the reasons stated, the appeal will be dismissed.

Appeal dismissed.