586 F.2d 983
 Bankr. L. Rep. P 67,005
In the Matter of W. F. BREUSS, INC., a Corporation of the
State of New Jersey, trading as Kaye Wall
Creations and Ely-Nan Creations, Bankrupt,
John J. Mortimer, Appellant.
 No. 78-1062.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Sept. 5, 1978.
Decided Nov. 1, 1978.
 
 Herman W. Kapp, Kapp & Finkel, Newark, N. J., for appellant.
 Jack M. Zackin, Ravin, Katchen & Greenberg, Newark, N. J., for appellee.
 Before SEITZ, Chief Judge, and ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 Appellee, the trustee of the bankrupt, W. F. Breuss, Inc., applied to the bankruptcy court for an order directing appellant, John J. Mortimer, an accountant for the bankrupt, to appear for examination and to produce certain documents in his possession relating to the bankrupt's financial affairs. The purpose of this examination was to secure an adequate audit of the bankrupt. The bankruptcy judge, pursuant to Rule 205 of the Rules of Bankruptcy Procedure, issued the requested order and authorized the trustee to obtain a subpoena duces tecum if needed to effectuate Mortimer's examination. A subpoena was served upon Mortimer, and he filed a motion to quash with the bankruptcy court, in which he contended that the requested documents contain matters which may tend to incriminate him. The bankruptcy judge denied Mortimer's motion, and ordered that the requested material be produced and subjected to a judicial determination as to the applicability of the fifth amendment privilege.
 
 
 2
 Mortimer appealed the denial of his motion to quash to the United States District Court for the District of New Jersey. The district court modified the bankruptcy judge's order and directed that Mortimer appear before the district court or, at his election, the bankruptcy court, for a hearing pursuant to the guidelines established by the Supreme Court in Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), to determine the validity of his claim that his testimony at a Rule 205 examination and the requested document production would tend to incriminate him. The execution of that order was stayed pending appeal to this Court.
 
 I.
 
 3
 Mortimer's principal contention before this Court is that the incriminatory nature of the requested documents is self-evident, and that a "Hoffman " hearing would be both superfluous and itself violative of his fifth amendment privilege. Before reaching the merits of that contention, we must first confront the question whether this Court has jurisdiction to decide this appeal.
 
 
 4
 Mortimer initially asserted in his brief that the order appealed from was final with respect to him under 28 U.S.C. § 1291 because he is a non-party witness to the bankruptcy proceedings, or, alternatively, that it was a collateral order within the meaning of the Supreme Court's decision in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The trustee of the bankrupt, in his initial brief, did not contest this Court's subject matter jurisdiction over this appeal. The Court directed the parties to submit additional briefs on the jurisdictional issue, and the trustee now contends that the order appealed from is not a final or a collateral order under § 1291, nor is it appealable under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a).
 
 
 5
 We hold that this Court has jurisdiction of this appeal under § 24(a), establishing the jurisdiction of appellate courts in bankruptcy proceedings. That section provides, in pertinent part:
 
 
 6
 The United States courts of appeals . . . are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact: . . . And provided further, That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court. (emphasis in original).
 
 
 7
 The foregoing provision establishes this Court's jurisdiction over appeals from all orders, either interlocutory or final, entered in "proceedings in bankruptcy." By way of contrast, this Court only has jurisdiction over appeals from those orders entered in "controversies arising in proceedings in bankruptcy" that are final.
 
 
 8
 As this Court has recently had occasion to observe, "The differentiation between 'controversies arising in proceedings in bankruptcy' and 'proceedings in bankruptcy' is hardly pellucid." In the Matter of Penn Central Transportation Co., 570 F.2d 1189, 1193 (3d Cir. 1978) (Adams, J.). In Penn Central this Court quoted with approval the distinction adopted by the Second Circuit in United Kingdom Mutual Steamship Assurance Association v. Liman, 418 F.2d 9 (2d Cir. 1969), that "a matter falls within the rubric of 'controversies' if it involves a claimant who 'raises a dispute with regard to the propriety of including property in the estate for distribution, rather than a question with regard to the administration of the estate once it is amassed.' " 570 F.2d at 1194, Quoting Liman, supra at 10.
 
 
 9
 The denial of appellant's motion to quash the subpoena duces tecum and the order that he appear for a "Hoffman " hearing clearly involves a question with regard to the administration of the bankrupt's estate; thus, it was entered in a "proceeding" in bankruptcy. This holding is in accord with the rule adopted in 2 Collier on Bankruptcy P 24.16, at 741 (14th ed. 1976) that "(a)n order of the bankruptcy court directing an examination of a debtor's books and records Or of designated witnesses is appealable as an order in a 'proceeding in bankruptcy.' " (emphasis supplied).
 
 
 10
 Although the rule quoted above has not been uniformly followed by the courts of appeals, See Carolina Mills, Inc. v. Corry, 206 F.2d 76 (4th Cir. 1953); In re Manufacturers Trading Corp., 194 F.2d 948 (6th Cir. 1952), it is worthy of note that it is a rule derived from the case law of this Court. In In re Winton Shirt Corp., 104 F.2d 777, 779 (3d Cir. 1939), Judge Biggs held that:
 
 
 11
 an examination carried on pursuant to the provisions of Section 21a (of the Bankruptcy Act, forerunner to Rule 205) is part of the administration of the bankrupt's estate. . . . It follows that an order . . . entered in the course of or in connection with a 21a examination, is an administrative order and is made in the proceedings.
 
 
 12
 Thus, Judge Biggs held that such an order, whether interlocutory or final, was appealable as a matter of right under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a). Id. 779-80. In so holding, he stated that the limitation on appeals as of right enacted in the proviso to § 24(a), which requires that the minimum amount in controversy in such appeals be $500, is inapplicable to orders, like the one appealed from here, that do not involve claims capable of appraisal in monetary terms. Id. Recognizing that the rule adopted in Winton Shirt could greatly increase the number of appeals brought under the Bankruptcy Act, Judge Biggs nonetheless concluded that the rule was consistent with Congress' intention in adopting § 24(a) to liberalize the right of appeal in bankruptcy. Id. 780.
 
 
 13
 The rule set forth by Judge Biggs in Winton Shirt controls the jurisdictional issue presented here. It cannot be controverted that the order appealed from in this case, denying appellant's motion to quash and ordering his appearance at a "Hoffman " hearing, is one entered in connection with a Rule 205 examination. Thus, it is appealable as a matter of right, whether interlocutory or final, under that portion of § 24(a) of the Bankruptcy Act governing appeals from orders entered in proceedings in bankruptcy. We are supported in our reaffirmance of the holding in Winton Shirt by the fact that the same rule has been more recently adopted by the District of Columbia, Second and Fifth Circuits. See In re TMT Trailer Ferry, Inc., 434 F.2d 804, 806 (5th Cir. 1970), Cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 648 (1971); Freeman v. Seligson, 132 U.S.App.D.C. 56, 62 n. 18, 405 F.2d 1326, 1332 n. 18 (1968); Henry Ansbacher & Co. v. Klebanow, 362 F.2d 569, 570 (2d Cir. 1966).
 
 II.
 
 14
 Turning to the merits of Mortimer's appeal, we affirm the district court's order directing him to appear before that court or the bankruptcy court for a judicial determination of the applicability of the fifth amendment privilege to his testimony at the Rule 205 examination and to the documents he has been requested to produce.
 
 
 15
 The transcript of the proceedings before the district court reveal that the district judge intends to fully comply with the command of the Supreme Court in Hoffman that the witness not be compelled to prove his claim that his requested testimony and production will be incriminatory in a manner that would compel him to "surrender the very protection which the privilege is designed to guarantee." 341 U.S. at 486, 71 S.Ct. at 818. There is no reason to believe that a hearing conducted pursuant to the guidelines suggested by the district court, in which the appellant will be put questions by the court exploring the reasons why he believes his testimony and production of the requested documents will incriminate him, in the presence of counsel and court reporter, will lead to disclosure injurious to Mortimer's constitutional rights.
 
 
 16
 Moreover, we do not believe that this is a case in which the incriminatory nature of the requested testimony and documents is so obvious that a judicial inquiry would be superfluous. We note that the trustee's purpose in applying for a Rule 205 examination of Mortimer was merely to elicit further information from him needed to secure an adequate accounting of the bankrupt's financial condition. Mortimer's assertion of his fifth amendment privilege at this stage of the proceedings follows an earlier examination during which Mortimer testified freely, making references to the documents now requested to be produced, without objection nor claim of privilege. In such circumstances, it is apparent that the guidelines suggested in Hoffman for a judicial determination of the applicability of the privilege should be followed. Mortimer's "say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified . . . and to require him to answer 'if it clearly appears to the court that he is mistaken.' " Hoffman, supra at 486, 71 S.Ct. at 818 (citations omitted).III.
 
 
 17
 The order of the district court will be affirmed and the case remanded for further proceedings.
 
 
 18
 ADAMS, Circuit Judge, dissenting.
 
 
 19
 John J. Mortimer appeals from a district court order directing that he appear before the district court or, at his election, the bankruptcy court, for a Hoffman hearing, to determine the validity of his claim that his testimony and production of documents at an examination pursuant to Rule of Bankruptcy Procedure 205 would tend to incriminate him. The majority holds first, that there is an appealable order, and second, that Mortimer must submit to a Hoffman hearing. If I were to reach the merits I, too, would agree that it is for the court and not for the witness to determine whether the latter may invoke the fifth amendment privilege against self-incrimination. However, I believe that we are precluded from deciding the merits because we are without jurisdiction to entertain Mortimer's appeal. Accordingly, I would dismiss the appeal as premature.[1]
 
 
 20
 The majority concludes that this Court has jurisdiction under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a). That provision invests courts of appeals with mandatory jurisdiction over appeals from "courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy . . . ."[2] After pointing out that making the often-difficult distinction between "proceedings" and "controversies" is important because an interlocutory order is appealable only if it had been entered in a "proceeding," the majority relies on 2 Collier on Bankruptcy P 24.16 at 741 (14th ed. 1976), to categorize "(a)n order of the bankruptcy court directing an examination of a debtor's books and records or of designated witnesses . . . as an order in a 'proceeding in bankruptcy.' " The majority notes that such rule is derived from Judge Biggs' opinion for this Court in In re Winton Shirt Corp., 104 F.2d 777, 779 (3d Cir. 1939), and that this precept has been widely accepted ever since by other circuits. Finally, the majority deems controlling in this case Judge Biggs' holding, Id., that "an order . . . entered in the course of or in connection with a (Rule 205) examination, is an administrative order and is made in the proceedings."
 
 
 21
 I do not take issue with the majority's conclusion that the matter on appeal is a "proceeding" rather than a "controversy." But I do not believe that that is dispositive of the question of appealability. For, engrafted upon the statutory grant of an appeal of right from interlocutory orders in proceedings is a long-standing judicial exception that orders concerning trivial, preliminary or procedural matters, not amounting to formal judicial rulings, adjudicating the rights of a party or determining an issue, are not reviewable.[3] This judicial gloss upon the word "interlocutory" has been rationalized as follows:
 
 
 22
 (D)ue regard for the efficiency of administration and dispatch of legal proceedings necessitates a common-sense interpretation of § 24a that limits the right to appeal within reasonable bounds. Otherwise, "if every order were reviewable, proceedings could easily be so tied up and prolonged that the situation would become intolerable."[4]
 
 
 23
 Thus, even where Congress has mandated that appeals may be taken from nonfinal orders, we must not lose sight of the "basic and persisting policy against piecemeal appeals"[5] that permeates the entire federal judicial scheme, lest we become inundated with applications to review every step along the course of a proceeding. Although the difference between the majority's position and my own would not affect the ultimate result in this particular case, I am concerned that the decision by the majority risks opening the Court's docket in the future to matters that have always been considered not worthy of an appellate court's attention. The consequence may well be an increase in the Court's caseload and an inevitable delay in the disposition of other appeals.
 
 
 24
 The exception under which interlocutory appeals are not permitted from procedural and preliminary matters originated under the statute as it existed prior to 1938, when interlocutory orders in proceedings were appealable only upon allowance by the court of appeals. At that time, the exception was used by some courts to justify their reluctance to allow appeals from interlocutory orders in the absence of exceptional circumstances.[6] Although appellate court discretion in this regard was fettered by the 1938 amendment, which made such orders appealable of right, the exception has retained its vitality with respect to trivial, preliminary and procedural matters not amounting to a determination of issues.[7] Indeed, it has been invoked by nearly every court of appeals in the country.[8] Thus, for example, the Tenth Circuit gave the following explanation for its refusal to entertain a claimant's appeal from an order by the Referee in Bankruptcy that the claimant respond to the merits of the trustee's counterclaim while the bankruptcy court reserved decision on whether it had jurisdiction over the counterclaim:
 
 
 25
 It is true that virtually all interlocutory orders in proceedings in bankruptcy are appealable under 11 U.S.C. § 47. But this court has held that "an interlocutory order which determines nothing adversely to the asserted rights of a party is not reviewable on direct appeal therefrom." De Laney v. City Investment Co., 224 F.2d 808, 810 (10th Cir. 1965). The bankruptcy court's administration of the bankrupt estate should not be hindered "by appeals from orders which are indecisively procedural and which do not determine some controversy or decide some step in the course of the bankruptcy proceedings." General Electric Company v. Beehive Telecasting Corporation, 284 F.2d 507, 509 (10th Cir. 1960). The Referee's order did not determine the jurisdictional question adversely to either party. It was clearly "indecisively procedural" and not appealable.[9]
 
 
 26
 The exception under which interlocutory appeals are not permitted from procedural and preliminary matters has also been endorsed by this Court. Thus, in In re Pittsburgh Rys. Co., 164 F.2d 488 (3d Cir. 1947) (per curiam), Judges Maris, Goodrich and Kalodner expressed serious doubt whether two interlocutory orders that the Special Master proceed and report "present anything more than a procedural direction by the Court to its Special Master which is not a matter on which an appeal may be based."[10] And some twelve years after his Winton Shirt opinion, Chief Judge Biggs himself recognized that "a mere 'procedural direction' " that was not "substantive" or "final or definitive" would not be reviewable.[11]
 
 
 27
 Admittedly, the precise demarcation between a nonappealable "mere 'procedural direction' " and a "substantive" interlocutory order is often a question of degree. In many respects we may have taken a more liberal approach toward appealability under § 24(a) than have some other tribunals.[12] Still, unless this Court is now prepared to stand apart from the other courts of appeals and declare that virtually all orders in proceedings in bankruptcy, regardless of their degree of gravity, are appealable of right, it should dismiss the pending appeal. For at present Mortimer is not subject to a decree that he submit to a personal examination or produce any documents. If such a decree were outstanding, Mortimer's rights obviously would be affected inasmuch as such decree would involve a determination of the validity of his claimed privilege and require that he disclose potentially prejudicial information, and consequently such decree would be appealable of right under § 24(a) practice.[13]
 
 
 28
 But here, Mortimer has merely been instructed to appear at a hearing specifically designed to determine Whether and to what extent he must submit to a Rule 205 examination, in view of his claimed privilege. The order he appeals from is not itself determinative of any issue, nor does it prejudice any right of Mortimer. Indeed, the Supreme Court has instructed in Hoffman that this type of hearing be conducted in such a manner that the witness not be compelled to "surrender the very protection which the privilege is designed to guarantee."[14] Thus, the directive from which Mortimer appeals simply triggers the procedural mechanism by which Mortimer's rights in relation to the examination are to be adjudicated. Although any order issued subsequent to the Hoffman hearing will properly be appealable by Mortimer or the trustee as an interlocutory order entered "in the course of or in connection with a (Rule 205) examination,"[15] the present order and the Hoffman hearing pursuant thereto are preliminary to such reviewable decree.[16]
 
 
 29
 As an alternative basis for appellate jurisdiction, Mortimer asserts that the order is a "final decision" within the meaning of 28 U.S.C. § 1291 because he is a nonparty witness to the bankruptcy proceeding. However, this Court specifically rejected a similar contention in Borden Co. v. Sylk, 410 F.2d 843 (3d Cir. 1969).[17]
 
 
 30
 In view of the foregoing, I would dismiss the appeal for want of jurisdiction.
 
 
 
 [1]
 Were Mortimer to refuse to obey the district court's order and be held in contempt, he would then be able to appeal the directive that he appear at a Hoffman hearing. See Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); Borden Company v. Sylk, 410 F.2d 843, 846 (3d Cir. 1969)
 
 
 [2]
 For purposes of the Bankruptcy Act, the United States district courts are courts of bankruptcy. 11 U.S.C. § 1(10)
 
 
 [3]
 See, e. g., Hoehn v. McIntosh, 110 F.2d 199, 201 (6th Cir. 1940) and cases cited therein. See generally, 2 Collier on Bankruptcy P 24.39 (14th ed. 1976)
 
 
 [4]
 2 Collier on Bankruptcy P 24.39 at 795 (14th ed. 1976), Quoting Matter of Pechin, 227 F. 853, 854 (3d Cir. 1915)
 
 
 [5]
 Panichella v. Pennsylvania Railroad Co., 252 F.2d 452, 454 (3d Cir. 1958)
 
 
 [6]
 2 Collier on Bankruptcy P 24.11(3) at 734.1-734.2 (14th ed. 1976). See, e. g., Triangle Electric Co. v. Foutch, 40 F.2d 353, 355-56 (8th Cir. 1930)
 
 
 [7]
 2 Collier on Bankruptcy P 24.11(3) at 734.2 (14th ed. 1976)
 
 
 [8]
 See, e. g., First Circuit: Cope v. Aetna Finance Co. of Maine, 412 F.2d 635, 639 (1st Cir. 1969); Second Circuit: Dubnoff v. Goldstein, 385 F.2d 717, 722 (2d Cir. 1967); Fourth Circuit: Carolina Mills, Inc. v. Corry, 206 F.2d 76, 77 (4th Cir. 1953); Fifth Circuit: In re Durensky, 519 F.2d 1024, 1028-29 (5th Cir. 1975); Sixth Circuit; In re Charmar Investment Co., 475 F.2d 560, 563 (6th Cir.) Cert. denied, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973); Seventh Circuit: In re Chicago Rapid Transit Co., 200 F.2d 341, 342 (7th Cir. 1953); Tenth Circuit: Baldonado v. First State Bank of Rio Rancho, 549 F.2d 1380, 1381 (10th Cir. 1977)
 
 
 [9]
 United States v. Allen, 395 F.2d 752 (10th Cir. 1968)
 
 
 [10]
 The Court then held that the orders were within the district court's discretion, on the assumption that they were appealable
 
 
 [11]
 In re American Bantam Car Co., 193 F.2d 616, 621 (3d Cir. 1952). Judge Biggs concluded, however, that under the circumstances, the order appealed from affected substantive rights of parties and was therefore reviewable. The effect of the order, which directed that a special master be appointed to hear testimony concerning a settlement offer, was to postpone indefinitely a reorganization and precipitate dismissal pursuant to the terms of the settlement
 
 
 [12]
 Compare In re American Bantam Car Co., 193 F.2d 616, 621 (3d Cir. 1952) (referral to special master), With De Laney v. City Investment Co., 224 F.2d 808, 809-810 (10th Cir. 1955) (referral to referee). But see note 11 Supra
 
 
 [13]
 In re Winton Shirt Corp., 104 F.2d 777, 779 (3d Cir. 1939); 2 Collier on Bankruptcy P 24.16 (14th ed. 1976)
 
 
 [14]
 Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)
 
 
 [15]
 In re Winton Shirt Corp., 104 F.2d 777, 779 (3d Cir. 1939)
 
 
 [16]
 It goes without saying that the situation would have been different had the district court affirmed the bankruptcy judge's order denying Mortimer's motion to quash the subpoena duces tecum and the order that he appear for a Rule 205 examination, instead of modifying the order to direct a Hoffman hearing
 
 
 [17]
 Mortimer invites the Court to abandon Borden in favor of the approach taken in International Business Machines Corp. v. United States, 471 F.2d 507, 511-16 (2d Cir. 1972) Cert. denied, 416 U.S. 979 & 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974). However, a panel of this Court is not empowered to overrule a prior decision; such a step may be taken only when the Court sits In banc. United States Court of Appeals for the Third Circuit, Internal Operating Procedures 25 (2nd revision, effective September 1, 1978). Moreover, in the years since Borden we have consistently resisted efforts to expand exceptions to the final judgment rule, and have maintained a restrictive attitude toward piecemeal appeals. See, e. g., Akerly v. Red Barn System, Inc., 551 F.2d 539, 543 (3d Cir. 1977); Bachowski v. Usery, 545 F.2d 363, 371 (3d Cir. 1976); Rodgers v. United States Steel Corp., 508 F.2d 152, 159 (3d Cir.), Cert. denied, 420 U.S. 969, 95 S.Ct. 1386, 43 L.Ed.2d 649 (1975); Hackett v. General Host Corp., 455 F.2d 618, 621 (3d Cir.), Cert. denied, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972). Finally, a more permissive rule toward appeals from discovery orders by a nonparty witness would be of no avail to Mortimer since he is not appealing an order that he disclose documents but an order that he appear at a carefully circumscribed Hoffman Hearing, where the constitutionally permissible scope of discovery will be determined in accordance with guidelines laid down by the Supreme Court