K. K. HALL, Circuit Judge,
dissenting:
While I concur in the ultimate result effected by the majority, i. e., that the district court’s judgment must stand, I do not find that this appeal is premature. The majority holds that the district court’s order is a nonappealable interlocutory order in a “controversy” arising in a proceeding in bankruptcy. “Although the line of demarcation between proceedings and controversies is uncertain, it is generally accepted that questions between the bankrupt and his creditors . . . fall into the category of proceedings in bankruptcy.” Columbia Foundry v. Lochner, 179 F.2d 630, 635 (4th Cir. 1949) [citations omitted]. This case did not involve a dispute over the right or title to property, but rather it pertained to a matter of administration of the estate in the disposition of claims. Here the district court ordered the bankruptcy court to reexamine whether the appellee’s claims had been effectively compromised. I think that such an order falls squarely within the rule enunciated by the Fifth Circuit in Gregg Grain Co. v. Walker Grain Co., 285 F. 156 (5th Cir. 1922), cert. denied, 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212, where the court held that an order to reexamine claims filed by a creditor arose from a “proceeding” in bankruptcy.
The fact that the challenged order is interlocutory does not prevent this court from reviewing it under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a), as long as it does not relate to a preliminary or procedural matter. Carolina Mills v. Corry, 206 F.2d 76 (4th Cir. 1953). The lower court’s order clearly relates to the substantive issue of an alleged compromise of the appellee’s claim.
Accordingly, I find that this Court does have jurisdiction to hear this appeal under § 24(a) of the Bankruptcy Act. 11 U.S.C. § 47(a). I would affirm the judgment below on the reasoning of the district court.