ADAMS, Circuit Judge,
concurring in the result.
I concur in the result reached by the majority on the ground that the failure to appeal the bankruptcy court’s order granting Cantwell’s discharge has rendered the case moot. Because this Court is now unable to alter the grant of the discharge, we are incapable of providing appellants the relief requested. In light of the policy of *1055 the new Bankruptcy Code, limiting review-ability in the appeals courts to final orders,[1] I would refrain from deciding what has now become an essentially abstract legal debate — whether a “proceeding” or a “controversy” is involved.[2] Although the difference between the majority’s position and my own regarding appealability does not affect the ultimate result, I believe the wisest course is simply to dismiss the appeal as moot.

. See Majority Opinion at n.3.

. In my dissent in In re W. F. Breuss, Inc., 586 F.2d 983 (3d Cir. 1978), I maintained that whether the matter on appeal is determined to be a “proceeding” or a “controversy” should not be dispositive of the question of appealability. A concern for the effective administration of justice — both to prevent the burdening of courts of appeal with trivial matters and to avoid the disruption of proceedings in the district courts — led me to suggest that reviewability of interlocutory orders be limited to orders that involve substantive and definitive matters. Efforts to restrict piecemeal appeals and to confine exceptions to the final judgment rule— the current legislative goal — are best reinforced by declining to consider whether the order appealed from is nontrivial.